UNITED STATES

v.

Kenny H. MINTER, 258 04 4162, Fireman Apprentice (E–2), U. S. Naval Reserve.

NCM 79 0454.

U. S. Navy Court of Military Review.

31 March 1980.

CAPT E. A. Burnette, USMC, Appellate Defense Counsel.

LT William C. Martucci, JAGC, USNR, Appellate Government Counsel.

Before BAUM, PRICE and MICHEL, JJ.

**PER CURIAM:**

Appellant commenced a period of unauthorized absence after arraignment but prior to findings during his special court-martial. The trial continued in his absence pursuant to paragraph 11c, *Manual for Courts-Martial, 1969 (Rev.)*, after a determination by the military judge that the absence was voluntary and unauthorized. Pleas of not guilty to two unauthorized absences of 21 days and 23 days were entered and the court, sitting with members, after receiving evidence, returned findings of guilty to both offenses and sentenced appellant to the maximum sentence it could award. Appellant had no previous courts-martial.

The military judge initially instructed the court members as follows:

> Members of the court, we are ready to proceed with the trial in this particular case. You will notice that the accused in this case, Fireman Kenny H. Minter, U. S. Naval Reserve, is not present in court here today. I have determined that his absence from court here today is both voluntary and unauthorized and under the law, after an individual has been arraigned, his trial may proceed even in his absence under these circumstances. However, I would instruct you now that the fact that Fireman Minter is not here in court today cannot be, and should not be, considered by you in any way in determining his guilt or innocence of the charges which you will shortly be given, nor may you consider it in any way in sentencing, if, during the course of the trial, you find Fireman Minter guilty of any of the charges and specifications in this case.

(R. 82–3)

The law is well-settled that an accused can be tried *in absentia* if he voluntarily absents himself without authority after being properly arraigned. *United States v. Houghtaling*, 2 U.S.C.M.A. 230, 8 C.M.R. 30 (1953). The problem posed by the

judge's instruction to the court members on this matter is his announcement that he had determined the absence to be unauthorized. In so doing, the judge informed the members of misconduct not charged, which was error. Appellate Government counsel cites a 1960 Navy Board of Review decision in support of his contention that "there is no error in permitting the court members to learn that the accused was on unauthorized absence and thus unable to participate in the trial." *United States v. Williams*, 30 C.M.R. 650, 657 (N.B.R.1960). We reject this conclusion as expressed in *Williams*, and explicitly overrule that aspect of the opinion.

While the judge committed error by informing the court of appellant's unauthorized absence, appropriate instructions could have cured the error, if followed by the court-members.[1] Here, the judge's instruction that "the fact that Fireman Minter is not here in court today cannot be and should not be considered by you in any way" as to guilt or in sentencing was not adequate to erase from the members' minds the information concerning the unauthorized character of the absence. The members, once they were erroneously advised that appellant was an unauthorized absentee, should have been instructed to completely disregard that information. Failure to so instruct further compounded the judge's error. Moreover, despite the court-members' affirmative indication that they could follow the judge's instruction not to consider appellant's absence when it came to sentencing, we are convinced that they did not disregard the unauthorized nature of the absence and in fact held it against him when they imposed the maximum punishment for two periods of unauthorized absence of 21 and 23 days. Prejudice is apparent.

The error encountered in this case could have been avoided if the judge had simply advised the court-members that the accused had chosen to waive his right to be present in court and that such would not be held against him, without giving the details of the judge's determination in this regard. Another, and just as valid approach, could have been an instruction along the following lines:

Under the law applicable to trials by court-martial, various circumstances may exist whereby a court-martial can proceed to findings and sentence, if appropriate, without the accused being present in the courtroom. I have determined that one or more of these circumstances exist in this case. In this regard you are advised that you are not permitted to speculate as to why the accused is not present in court today and that you must not draw any inferences adverse to the accused because he is not appearing personally before you. You may neither impute to the accused any wrongdoing generally, nor impute to him any inference of guilt as respects his non-appearance here today. Further, should the accused be found guilty of any offense presently before this tribunal, you must not consider the accused's non-appearance before this tribunal in any manner when the court closes to deliberate upon the sentence to be adjudged.

Is there any member who feels that he or she cannot follow my instructions in this regard and completely disregard the matter of the accused's non-appearance before this court?

In any event, the proper course was not taken initially in this case to avoid error and, once committed, to cure it. Accordingly, we will reassess the sentence at this level to cure the error. The findings of guilty are affirmed and, after reassessment, only so much of the sentence as provides for a bad-conduct discharge, confinement at hard labor for 6 months, and reduction in

---

1. *United States v. Bartee*, N.C.M. 76 0892 (September 1976); *United States v. Allison*, 47 C.M.R. 968 (A.C.M.R.1973), *petition denied* 48 C.M.R. 999; *United States v. Condon*, 42 C.M.R. 421 (A.C.M.R.1970).

rate to pay grade E–1 is affirmed. We reject appellate defense counsel's initial contention that a bad-conduct discharge is inappropriate for appellant and his misdeeds.

BAUM, Senior Judge (concurring in part/dissenting in part):

I concur with the determination that prejudicial error was committed by the Judge. I disagree with the action taken to cure that error. I would affirm only the 6 months confinement, which has undoubtedly been served, and would set aside the remainder of the sentence.