UNITED STATES

v.

David W. HARDIN, 401 82 8648, Seaman Recruit (E–1), U.S. Navy.

NMCM 82 2032.

U. S. Navy-Marine Corps Court of Military Review.

Sentence Adjudged 3 Dec. 1981.

Decided 18 Oct. 1982.

LCDR Georgia L. Winstead, JAGC, USNR, Appellate Defense Counsel.

LT Sandra R. Ganus, JAGC, USNR, Appellate Government Counsel.

Before ABERNATHY, Senior Judge, and KERCHEVAL and BARR, JJ.

ABERNATHY, Senior Judge:

Appellant has summarily assigned three errors for our consideration. We reject the first; the second and third are set forth as follows:

II

THE MILITARY JUDGE ERRED TO THE SUBSTANTIAL PREJUDICE OF APPELLANT WHEN HE CONSIDERED APPELLANT'S ABSENCE FROM TRIAL AS EVIDENCE OF INTENT TO SUPPORT THE FINDINGS OF GUILTY OF TWO SPECIFICATIONS OF DESERTION (R. 12). *SEE UNITED STATES V. MINTER,* 8 M.J. 867 (N.C.M.R.1980); *UNITED STATES V. CONDON,* 42 C.M.R. 421 (A.C.M.R. 1970).

III

THE STAFF JUDGE ADVOCATE'S REVIEW WAS ERRONEOUS IN INFORMING THE SUPERVISORY AUTHORITY THAT THE APPELLANT'S ABSENCE FROM TRIAL COULD BE CONSIDERED AS CIRCUMSTANTIAL EVIDENCE OF DESERTION. EVEN THOUGH DEFENSE COUNSEL DID NOT OBJECT, WAIVER SHOULD NOT BE APPLIED SINCE THERE IS A FAIR RISK THAT THE SUPERVISORY AUTHORITY WAS MISLED. (SJA REVIEW AT PAGE 4). *SEE UNITED STATES V. MINTER,* 8 M.J. 867 (N.C.M.R.1980); *UNITED STATES V. GOODE,* 1 M.J. 3 (C.M.A.1975); *UNITED STATES V. OWENS,* No. 81 2706 (N.M.C.M.R. 23 February 1982).

At his trial upon two specifications alleging desertion, appellant was present for arraignment on 20 November 1981 but absent when the court reconvened on 3 December 1981. Trial counsel introduced a NAVPERS 1070/613 from appellant's service record indicating that he had become an unauthorized absentee on 23 November 1981. From this exhibit, denominated Prosecution Exhibit 1, the military judge concluded, with no objection from the defense, that appellant's absence was voluntary and unauthorized. He directed the trial to proceed.

The government's case on the merits consisted exclusively of Prosecution Exhibits 2

and 3, both establishing lengthy unauthorized absences terminated by apprehensions at locales far removed from appellant's duty stations. Defense counsel presented no evidence, and neither side desired to make argument on findings. Making exceptions and substitutions relative to the termination date of one of the periods in question, the military judge found appellant guilty of both specifications of desertion.

Following his announcement of sentence, the military judge engaged in the following peroration:[1]

> For the benefit of reviewing authorities and counsel who apparently questioned how the court came to the conclusion and findings that Seaman Hardin had, in fact, deserted rather than being simply an unauthorized absentee, I considered the fact that Seaman Recruit Hardin had been an unauthorized absentee or deserter—had been gone from the Navy for approximately one year, been apprehended, within about a month had gone on another protracted unauthorized—period of unauthorized absence that lasted a little over six months and been apprehended again and *then took lightly his obligation to be present at this trial.* That, combined, led me to believe he was, in fact, deserting from the U.S. Navy. With regard to sentence, the sentence that he received, would have been the same had I found him guilty simply of unauthorized absence for those periods and he received no additional punishment for my findings of desertion. (emphasis supplied.)

Although, at first blush, we were not certain that Judge Green intended anything more than to display his pique at appellant's absence from trial, appellate counsel, quite correctly, have joined issue on the question whether an accused's unauthorized absence from trial can be considered as uncharged misconduct bearing upon his intent to desert insofar as the specifications then being tried are concerned.

While we believe it is well settled that an accused's absence from trial cannot be considered by the fact-finder for any purpose whatsoever, we do not reach that question. *See generally United States v. Barton,* No. 79 1065 (N.C.M.R. 22 October 1979). In our view, Prosecution Exhibit 1 (which might more appropriately have been denominated an appellate exhibit) was introduced prior to the entry of pleas for the limited purpose of allowing the court to proceed by reason of the accused's voluntary and unauthorized absence. It was not reintroduced or otherwise alluded to during the trial of the ultimate issue; its probative value relative thereto was not argued by either side, and it was not properly before the judge as evidence to establish the accused's guilt. Since the military judge may have considered this "evidence" *in pari materia* with that which was properly before him, his findings of guilty of desertion cannot be sustained. Our holding renders moot appellant's third assignment of error.

Accordingly, only so much of the findings of the two specifications of Charge I as finds the appellant guilty of unauthorized absences for the respective periods, in violation of Article 86, Uniform Code of Military Justice, 10 U.S.C. § 886, is approved. Upon reassessment, the sentence as approved on review below is affirmed.

Judge KERCHEVAL and Judge BARR concur.