## UNITED STATES

### v.

### Gary G. CHAPMAN, 012 40 1134, Seaman Apprentice (E–2), U.S. Navy.

### NMCM 85 0534.

U.S. Navy-Marine Corps Court of Military Review.

Sentence Adjudged 7 Dec. 1984.

Decided 21 May 1985.

LCDR Frederick N. Ottie, JAGC, USN, Appellate Defense Counsel.

LCDR Harold M. Shaw, JAGC, USN, Appellate Defense Counsel.

LT C.M. Fresher, JAGC, USNR, Appellate Government Counsel.

Before GORMLEY, C.J., and KERCHEVAL and RAPP, JJ.

RAPP, Judge.

At a general court-martial composed of military judge alone the appellant was found guilty of two periods of unauthorized absence (5 years and 2 months; 76 days) terminated by apprehension and of escape from custody. After entry of findings the military judge advised the appellant regarding the specific time and place for the next session of court and warned the appellant of the potential consequences of his voluntary and unauthorized absence therefrom. The military judge then adjourned the court. On the following day the appellant was absent when the court reconvened at the appointed time and place. The trial counsel presented evidence that the appellant's absence was voluntary and unauthorized, and the military judge entered findings to that effect. The trial counsel presented evidence in aggravation followed by defense evidence in extenuation and mitigation. During argument trial counsel made no reference to the appellant's absence from the courtroom. The trial defense counsel, on the other hand, pointedly referred to the appellant's absence. Before announcing sentence the military judge made several comments which included the following:

Now another factor that is present here and I think I should address is the fact that the accused is not present here for trial today. I'm aware of the case of *United States versus Hardin, H-a-r-d-i-n*, which is reported at 14 M.J. 880, a decision of the Navy Court of Military Review in 1982 in which the Navy Court states that an accused's absence from

trial cannot be considered by the fact-finder for any purpose whatsoever. However, that case involved use of such evidence on the merits as to whether or not the accused was guilty of desertion. I believe that the ruling in the *Hardin* case is limited to the use of such evidence on the determination of the question of guilt or innocence. In my opinion, that ruling does not apply to the sentence determination, and I have to state in all honesty that I have considered the accused's absence from trial here in determining a sentence. I think to state otherwise would be totally unrealistic.

I have not considered the accused's absence from trial as in any way aggravating the offenses of which he has been convicted. I have not adjudged my sentence as punishment for the accused's absence from trial. I do not think that such action would be proper. However, I do believe that I can consider the accused's absence from trial as relevant to his remorse or lack thereof for the offenses of which he has been convicted and as relevant to his lack of potential for rehabilitation. It seems to me that those are perfectly proper factors to take into account with everything else in this case.

The military judge then sentenced the appellant to a dishonorable discharge, confinement for two years, total forfeiture of all pay and allowances, and reduction to pay grade E–1.

Before this Court the appellant has assigned a single error:

THE MILITARY JUDGE ERRED TO THE SUBSTANTIAL PREJUDICE OF APPELLANT BY CONSIDERING HIS VOLUNTARY ABSENCE FROM TRIAL IN DETERMINING AN APPROPRIATE SENTENCE FOR APPELLANT.

The appellant chiefly relies on *United States v. Hardin* (cited above by the military judge), particularly referring to a portion of the opinion which states, "[W]e believe it is well settled that an accused's absence from trial cannot be considered by the fact-finder for any purpose whatsoever...." *Hardin,* 14 M.J. at 881. The appellant's reliance on this statement is misplaced, however, as it is dictum, so we are not bound by it. Furthermore, we perceive no reason why such absence should not be a valid factor to be considered in resolving the limited issue of an accused's potential for rehabilitation.

R.C.M. 1001 permits consideration of various types of misconduct not charged for the purpose of determining an appropriate sentence. Voluntary and unauthorized absence of an accused from trial is a unique form of uncharged misconduct. Such absence is not specifically excluded from consideration by Rule 1001 and is highly relevant to rehabilitative potential, particularly demonstrating lack of remorse and unreliability. Rehabilitative potential is one of the most crucial issues faced by the sentencing authority, significantly affecting both the military service and the accused. If a punitive discharge is imposed, the Navy may suffer detriment from losing a highly-trained individual who could be successfully returned to duty or, on the other hand, may benefit from the separation of a member who is more trouble than he or she is worth. From the individual's perspective, a punitive discharge attaches a virtually permanent burden which greatly overshadows finite punishments. For these reasons the military judge or members, as the case may be, deserve the best possible information and the opportunity to consider the accused's voluntary and unauthorized absence from trial. Caution is vital, however, when such absence is included in sentencing deliberations. It cannot be the basis for increased punishment but is strictly limited to a role in determining an accused's rehabilitative potential. *See* R.C.M. 1001(b)(5); *United States v. Warren,* 13 M.J. 278, 286 (C.M.A.1982). In this case the military judge scrupulously observed such restrictions, emphasizing that he did not consider appellant's absence from trial as aggravation and did not adjudge any part of the sentence as punishment for such absence. Furthermore, the military judge pointed to appellant's ab-

sence as relevant to the existence or lack of remorse and, thus, to the appellant's rehabilitative potential.

We find no fault with the military judge's candid comments or his actions but, instead, regard them as an honest, realistic approach to the sentencing problems presented by an *in absentia* trial and therefore more likely to achieve a just result.

Accordingly, we affirm the findings and sentence as approved on review below.

Chief Judge GORMLEY and Judge KERCHEVAL concur.