**UNITED STATES, Appellee,**

v.

**Staff Sergeant Fred E. WILLIAMS, 442–48–0095, United States Army, Appellant.**

**CM 446710.**

U.S. Army Court of Military Review.

23 Sept. 1986.

For Appellant: Lieutenant Colonel Arthur L. Hunt, JAGC, Major Marion E. Winter, JAGC, Captain Carolyn F. Washington, JAGC, Captain Peter D.P. Vint, JAGC (on brief).[1]

For Appellee: Colonel James Kucera, JAGC, Lieutenant Colonel Gary F. Roberson, JAGC, Captain Michael W. Hoadley, JAGC, Captain Erik M. Stumpfel, JAGC (on brief).

Before FELDER, NAUGHTON, and ROBBLEE, Appellate Military Judges.

## OPINION OF THE COURT

### PER CURIAM: *

Appellant stands convicted, contrary to his pleas of eight specifications alleging possession or distribution of various drugs.

The adjudged sentence of a dishonorable discharge, confinement for ten years, total forfeitures,[2] and reduction to Private E–1 was approved by the convening authority.

On 18 December 1985, appellate defense counsel filed a brief before this court assigning three errors and challenging the appropriateness of the adjudged and approved sentence. One assignment of error attacked the effectiveness of trial defense counsel's representation of appellant at trial. Along with this brief, appellate defense counsel moved the admission of Defense Appellate Exhibit A, a thirty-one page, typed and sworn document personally prepared by appellant, parts of which addressed the claim that he was denied effective assistance of counsel. In addition, a footnote in appellate defense counsel's brief indicated that appellant personally wished this court to consider other issues addressed in Defense Appellate Exhibit A.

On 8 January 1986, this court ordered appellant to provide a redacted version of Defense Appellate Exhibit A containing only those portions relevant to the ineffective assistance of counsel claim. On 4 April 1986, appellant submitted a Motion to Reconsider our order, requesting that Defense Appellate Exhibit A be admitted without any redaction. In the Motion to Reconsider, appellate defense counsel related that he had spoken telephonically with the appellant and that during this conversation: (1) appellant, pursuant to *United States v. Grostefon*, 12 M.J. 431 (C.M.A. 1982), insisted that his entire affidavit was relevant to the issues he wanted considered; (2) appellant reaffirmed his desire for the court to consider his entire affidavit, without any redaction; (3) appellant firmly stated that he would not authorize appellate defense counsel to redact his affidavit in any way; and (4) appellant ex-

---

1. On 14 May 1986 appellant requested that appellate defense counsel withdraw from representing him in this matter. Appellate defense counsel's motion to withdraw was granted on 15 May 1986.

* Judge John F. Naughton took final action in this case prior to his reassignment.

2. Court-Martial Order Number 1 incorrectly states this portion of the adjudged sentence as "[t]o forfeit all pay." A correcting certificate will be issued.

pressed his understanding that a possible consequence of his action could include rejection by this court of his entire affidavit. On 7 May 1986, appellant's Motion to Reconsider was not granted, but rather appellate defense counsel was directed, *inter alia,* to submit only those portions of Defense Appellate Exhibit A as to which he could, in his professional judgment, make a colorable claim of relevance and admissibility on other grounds, and which he, in his professional judgment, believed would best advance the interests of his client. *United States v. Williams,* 22 M.J. 584 (A.C.M.R. 1986).

On 14 May 1986, appellate defense counsel telephonically contacted appellant regarding our 7 May 1986 decision. Appellant reiterated his refusal to let appellate defense counsel redact Defense Appellate Exhibit A, and then requested that appellate defense counsel withdraw from representing him in this matter. Appellate defense counsel's motion to withdraw was granted on 15 May 1986. Appellant has twice been contacted by the Clerk of Court concerning his desires, if any, for further representation by appellate counsel and any other matters he might desire to submit in his behalf. To date, there has been no response from appellant. Based on the foregoing, we hold that no portion of Defense Appellate Exhibit A is presently before the court.

The government has answered the assignments of error filed by appellate defense counsel before their withdrawal. We deem it appropriate to proceed with the resolution of the issues before the court.

█ We agree with appellant's contention that the specifications alleging possession of heroin are multiplicious for findings with those respectively alleging distribution of heroin at the same time and place. We also agree with appellant's contention that the simultaneous possession of different drugs should not be alleged in two specifications. We are satisfied that appellant has not been prejudiced as to his sentence because of this multiplicity.

█ With respect to appellant's contention that he was denied the effective assistance of trial defense counsel, we are satisfied on the basis of the record before us (excluding consideration of Defense Appellate Exhibit A, as noted above), that this contention has no merit. *See Strickland v. Washington,* 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984); *United States v. Jefferson,* 13 M.J. 1 (C.M.A.1982); *United States v. Rivas,* 3 M.J. 282 (C.M.A.1977).

Specifications 1 and 2 of the Additional Charge are consolidated by inserting the words and figures "and 0.01 grams, more or less, of marijuana" at the end of the first sentence of Specification 2 of the Additional Charge. The finding of guilty of Specification 2 of the Additional Charge, as so amended, is affirmed. The findings of guilty of Specifications 1, 3, and 5 of the Charge and Specification 1 of the Additional Charge are set aside and dismissed. The remaining findings of guilty and the sentence are affirmed.