530

## UNITED STATES
### v.
### Staff Sergeant Harriett D. WHITE, FR 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, United States Air Force.

### ACM 27373.

U.S. Air Force Court of Military Review.

Sentence Adjudged 18 Nov. 1988.

Decided 15 Feb. 1989.

Appellate Counsel for the Appellant: Colonel Richard F. O'Hair and Captain William E. Boyle.

Appellate Counsel for the United States: Colonel Joe R. Lamport.

Before LEWIS, BLOMMERS and KASTL, Appellate Military Judges.

### DECISION

KASTL, Senior Judge:

Despite her pleas of not guilty, Sergeant White was found guilty by a general court-martial with members of possessing both cocaine and marijuana on or about 2 July 1988. These matters formed specifications 1 and 2 of the Charge. She was also found guilty, in accordance with her pleas of guilty, of using cocaine and marijuana on or about 3 July 1988. These offenses formed specifications 3 and 4 of the Charge. All offenses were charged under Article 112a, UCMJ, 10 U.S.C. § 912a.

■ As for specifications 3 and 4 relating to the 3 July offenses, it was clear that the marijuana cigarette involved in specification 4 was laced with the cocaine which was the subject of specification 3. Under the facts of this case, we believe the two specifications respectively alleging use of marijuana and use of cocaine at the same time and place are multiplicious for findings; the two substances were contained within the same cigarette and were consumed simultaneously. *United States v. Williams*, 22 M.J. 953, 955 (A.C.M.R.1986).

The criminal record of a convicted person should, at the end of the day, accurately and fairly reflect that person's conduct. *See United States v. Tyler*, 14 M.J. 811 (A.C.M.R.1982) and cases cited. Accordingly, specifications 3 and 4 of the Charge are consolidated by inserting the words "a rolled cigarette containing both marijuana and" between the words "use" and "cocaine" in specification 3 of the Charge. After this consolidation, specification 4 of the Charge will be dismissed. *See* Discussion, R.C.M. 307(c)(3), MCM, 1984. The findings of guilty of specification 3 of the Charge, as so amended, are affirmed. The finding of guilty of specification 4 of the Charge is set aside and specification 4 is dismissed. *See generally United States v. Abbruzzi*, 26 M.J. 52 (C.M.A.1988) (Sum. Dis.) and *United States v. Campbell*, 22 M.J. 99 (C.M.A.1986) (Sum.Dis.).

We are satisfied that appellant has not been prejudiced as to sentence because of this multiplicity, particularly since the military judge treated specifications 3 and 4 as one offense for sentencing.

This is not the first appellant who has been convicted of using a marijuana ciga-

rette laced with cocaine. The question of how to charge violations may be novel to some practitioners; accordingly, we offer several observations which may prove useful.

As for charging, we see no difficulty in two separate specifications if the exigencies of proof so require or if the accused intends to object on a technical basis of duplicity. In the alternative, the government may wish to charge the matter in a specification which indicates words such as: "a rolled cigarette which contained both marijuana and cocaine;" the drafter should realize that either the "marijuana" or "cocaine" aspect could result in a finding by exceptions if the accused raises a successful defense as to one substance or the other or if there is a failure of proof.

■ There will be situations where no foreseeable litigation remains—such as when the accused has given a full and complete confession and no further argument is conceivable in the case. In such a situation, a convening authority might well combine specifications, as we have done here. Two cautions are in order, however. First, staff judge advocates should carefully read *United States v. Sorrell*, 23 M.J. 122 (C.M.A.1986), particularly footnote 1 (caution not to accidently dismiss when working with consolidating specifications); and *United States v. Campbell, supra.* Second, there should not be a dismissal of a specification on grounds of multiplicity if any genuine issue exists as to adequacy of proof. *See United States v. Fortney*, 12 M.J. 987, 988 (A.F.C.M.R.1982) and *United States v. Haywood*, 6 M.J. 604, 606 (A.C.M. R.1978).

The findings of guilty, as modified, and the sentence are

AFFIRMED.

Senior Judge LEWIS and Judge BLOMMERS concur.