**UNITED STATES, Appellee,**

v.

**Private E1 James L. DENNEY, Jr., 266–83–2413, United States Army, Appellant.**

**ACMR 8800897.**

U.S. Army Court of Military Review.

28 Feb. 1989.

For Appellant: Lieutenant Colonel Joel D. Miller, JAGC, Captain William J. Kilgallin, JAGC, Captain Timothy P. Riley, JAGC (on brief).

For Appellee: Colonel Norman G. Cooper, JAGC, Lieutenant Colonel Gary F. Roberson, JAGC, Major Daniel J. Dell'Orto, JAGC, Captain Randy V. Cargill, JAGC (on brief).

Before HOLDAWAY, THORNOCK and CARMICHAEL, Appellate Military Judges.

## OPINION OF THE COURT

CARMICHAEL, Judge:

Appellant was tried *in absentia* by a special court-martial consisting of officer members. Contrary to his pleas, he was convicted of two specifications of larceny in violation of Article 121, Uniform Code of Military Justice, 10 U.S.C. § 921 (1982). Appellant was sentenced to a bad-conduct discharge, confinement for six months, and to forfeit $447.00 pay per month for six months. The convening authority approved the sentence.

This court specified the following issue to be briefed by defense and government appellate counsel:

WHETHER THE MILITARY JUDGE ERRED IN PERMITTING PROSECUTION EXHIBIT 10 TO BE CONSIDERED BY THE COURT MEMBERS DURING THEIR SENTENCE DELIBERATIONS?

Prosecution Exhibit 10 is a Department of the Army (DA) Form 4187 reflecting that appellant absented himself without leave after being arraigned in the instant case. It was admitted into evidence on the merits solely for the purpose of establishing that the appellant could be tried *in absentia*. During a hearing out of the members' presence, trial counsel moved that Prosecution Exhibit 10 be given to the members to use in their sentencing deliberations. Defense counsel objected on the basis of uncharged misconduct. The military judge ruled that the members could consider the exhibit because it was a personnel record reflecting the appellant's past military conduct. *See* Manual for Courts–Martial, United States, 1984, Rule for Courts–Martial 1001(b)(2) [hereinafter M.C.M., 1984 and R.C.M. or Rule, respectively]. The military judge then described the exhibit to the members as one showing that the appellant's status changed from "present for duty" to "absent without leave" (AWOL) effective a certain time and date. Later, during his sentencing instructions, the military judge stated that "the accused [was] to be sentenced only for the offenses of which [he had] been found guilty." He specifically instructed the members that they were not to sentence the accused "for AWOL, only for larceny." Defense counsel did not object to or request additional sentencing instructions.

During sentencing deliberations, evidence that an accused voluntarily absented himself from his trial may be considered for the purpose of assessing his rehabilitative potential. *See United States v. Chapman*, 20 M.J. 717, 718 (N.M.C.M.R.1985), *aff'd*, 23 M.J. 226 (C.M.A.1986) (summary disposition). In the case *sub judice*, however, the military judge rejected trial counsel's argument that R.C.M. 1001(b)(5) per-

mitted the members to consider documentary evidence of the accused's absence for sentencing purposes. The military judge noted that Rule (b)(5) limited the prosecution to presenting, *either by testimony or oral deposition, opinion evidence* of the accused's potential for rehabilitation. Thus, the challenged DA Form 4187 was made available to the members as a personnel record of the accused. *See* R.C.M. 1001(b)(2); Army Regulation 27–10, Legal Services: Military Justice, para. 5–25 (1 July 1984) (C4, 10 July 1987) (personnel data and character of accused's prior service).

The military judge's ruling with respect to the limitations imposed by R.C.M. 1001(b)(5) on evidence of the accused's rehabilitative potential appears consistent with Chief Judge Everett's majority opinion in *United States v. Wingart,* 27 M.J. 128, 136, 137 (C.M.A.1988). On the other hand, based on the Court of Military Appeal's affirmance of *Chapman,* evidence of the accused's voluntary absence from trial may be considered as it relates to rehabilitative potential.

■ *Wingart* is controlling precedent with regard to the prosecution's introduction of uncharged misconduct during sentencing. However, *Chapman* retains its vitality because it is distinguishable from and thus unaffected by *Wingart.* In *Chapman,* as in this case, evidence of the accused's voluntary absence was admitted as a requisite to the trial continuing.[1] It had no relevance as proof of guilt.[2] The conspicuity of an accused's absence and the reasonable probability that it will be considered as proof of guilt, require the military judge, *sua sponte,* to instruct the members that it cannot be so considered. This was done in the instant case. If a

conviction ensues, the accused's voluntary absence is relevant to sentencing. But since it is not new matter being presented by the prosecution pursuant to R.C.M. 1001, it does not have to fit into a specific R.C.M. 1001 category in order to be considered. Under *Chapman,* the accused's absence can be considered for the limited purpose of determining rehabilitative potential; it cannot be used to enhance the sentence.[3] The military judge, again *sua sponte,* must instruct the members as to the evidence's restricted scope in their sentencing deliberations.

■ We would analogize the sentencing problems presented by an *in absentia* trial to those presented by an accused's false testimony in his own behalf. *See United States v. Warren,* 13 M.J. 278 (C.M.A. 1982). An accused who is convicted of an offense he testifies he did not commit obviously enters the sentencing stage of his trial with damaged credibility. Rather than attempting to preclude the members from considering matters which they have properly heard or observed, the military judge must assure the matters are viewed in the proper perspective. He cannot unring the bell, but he can explain what its sounding signifies relative to sentencing. So the military judge instructs the members that, if they conclude the accused testified falsely, they are to consider what bearing his false testimony has on his rehabilitative potential; they are to consider that and that only. The false testimony cannot be the basis for increased punishment. Likewise, the absence of an accused from a trial which proceeds *in absentia* is subject to the same constraints during sentencing. In support of this anology, we

---

1. The issue of whether the accused could be tried *in absentia* was litigated out of the presence of the court members.

2. This is not to say that an accused's voluntary absence may not be admissible to prove an alleged offense. *See* M.C.M., 1984, Mil.R.Evid. 404(b) (other acts may be admissible to show "motive, opportunity, intent, preparation, plan, knowledge, identity, or absence of mistake or accident.").

3. Based on the facts before us, we need not address the question of whether the appellant's absence was an aggravating circumstance. Suffice it to say that we do not consider such absences aggravating *per se.* Among the more instructive opinions as to when evidence is admissible as evidence in aggravation are *United States v. Barber,* 27 M.J. 885 (A.C.M.R.1989), and *United States v. Witt,* 21 M.J. 637 (A.C.M.R. 1985), *petition denied,* 22 M.J. 347 (C.M.A.1986).

note that the Court of Military Appeals, in affirming *Chapman,* cited *Warren.*

As stated by Judge Rapp in writing for a unanimous Navy–Marine Corps Court of Military Review in *Chapman:*

> Voluntary and unauthorized absence of an accused from trial is a unique form of uncharged misconduct. Such absence is not specifically excluded from consideration by Rule 1001 and is highly relevant to rehabilitative potential, particularly demonstrating lack of remorse and unreliability. Rehabilitative potential is one of the most crucial issues faced by the sentencing authority, significantly affecting both the military service and the accused ... [T]he military judge or members, as the case may be, deserve the best possible information and the opportunity to consider the accused's voluntary and unauthorized absence from trial. Caution is vital, however, when such absence is included in sentencing deliberations. It cannot be the basis for increased punishment but is strictly limited to a role in determining an accused's rehabilitative potential.

*Chapman* at 718 (citations omitted.)
We find Judge Rapp's reasoning persuasive, as we believe the Court of Military Appeals did, and are of the opinion that the Court did not intend to disturb the *Warren–Chapman* principle by its recent decision in *Wingart.*

■ Further, assuming *arguendo* that R.C.M. 1001 applies to the absence in the instant case, we are satisfied that the military judge did not err by permitting the court members to consider the DA Form 4187 as a personnel record within the purview of R.C.M. 1001(b)(2). In this respect, we note Chief Judge Everett's observation in *Wingart* that "an accused servicemember's personnel records often provide information that even an experienced probation officer cannot compile in a presentence report." *Wingart* at 136. Moreover, this is not an example of "bootstrapping" otherwise inadmissible sentencing evidence through the use of Rule 1001(b)(2) (*See, e.g., United States v. Delaney,* 27 M.J. 501 (A.C.M.R.1988)), since the members were entitled to consider appellant's absence for the purpose of assessing his rehabilitative potential.

■ We next turn to the judge's sentencing instructions relating to the appellant's absence. He correctly instructed the members that they were not to sentence the appellant for AWOL, but only for the larcenies of which he was convicted. The judge neglected, however, to instruct the members concerning the purpose for which the absence could be considered in their deliberations on sentence. They knew appellant was absent and they were instructed not to sentence him for his absence, but they were never apprised of the relevance of his absence to the sentencing process. We find this instructional omission was error. The members were given information to use in their sentencing deliberations, and then were told not to use it in determining a sentence. Not only were they given "half a loaf," but they were cautioned that not even that half could be eaten. Yet, in the absence of a defense objection or request for additional instructions, and in light of the instruction given by the military judge, albeit incomplete, we discern no prejudice and apply waiver.

■ Assuming *arguendo* that the error was not waived, we find under the facts of this case, absent the instructional omission, the sentence still would have been the maximum permissible punishment that could be adjudged against the appellant by a special court-martial. *See United States v. Sales,* 22 M.J. 305, 307 (C.M.A.1986). In making this determination, we have considered appellant's conviction for two barracks larcenies, his receipt of nonjudicial punishment on two prior occasions, and his generally poor performance as a soldier during his overall term of service. Based on the foregoing and our review of the entire record, we have no doubt that the appellant's punishments were graduated and proportioned to the crimes of which he was convicted.

We find the issue personally asserted by the appellant to be without merit.

The findings of guilty and the sentence are affirmed.

Chief Judge HOLDAWAY and Senior Judge THORNOCK concur.