**UNITED STATES, Appellee,**

v.

**Private First Class Ernest E. NIXON, Jr., 252–39–8772, United States Army, Appellant.**

**ACMR 8802754.**

U.S. Army Court of Military Review.

24 Aug. 1989.

For appellant: Captain Brian D. Bailey, JAGC, Captain Paula C. Juba, JAGC (on brief).

For appellee: Major Daniel J. Dell'Orto, JAGC, Major Gary L. Hausken, JAGC (on brief).

Before DeFORD, FOREMAN and WERNER, Appellate Military Judges.

## OPINION OF THE COURT

FOREMAN, Judge:

Before a general court-martial composed of officer members, the appellant pleaded guilty to possession and use of marihuana; possession, use and distribution of cocaine; and conspiracy to possess and distribute cocaine and marihuana, in violation of Articles 112a and 81 of the Uniform Code of Military Justice, 10 U.S.C. §§ 912a and 881 (1982 & Supp.) [hereinafter UCMJ]. He was convicted in accordance with his pleas and sentenced to a dishonorable discharge, confinement for four years, forfeiture of all pay and allowances, and reduction to the grade of Private E1. Pursuant to a pretrial agreement, the convening authority approved only a bad-conduct discharge, confinement for eighteen months, forfeiture of all pay and allowances and reduction to Private E1.

On 15 April 1988, the appellant and two other soldiers, Privates Pearce and Hill, drove to the Old Dominion University in Norfolk, Virginia, to purchase drugs. They purchased approximately 1.125 grams of cocaine and 5.03 grams of marihuana from a street dealer. While driving back toward Norfolk Naval Base, their duty station, Pearce rolled a marihuana cigarette

and laced it with some of the cocaine. All three soldiers smoked it. Pearce gave the remaining marihuana and four of the five packets of cocaine to Hill. A short while later, at a motel outside the gate of Norfolk Naval Base, Hill and the appellant sold the remaining marihuana and cocaine to an undercover law enforcement agent.

 The appellant contends that the military judge erred by refusing to dismiss Specification 4 of Charge I (wrongful possession of marihuana) as multiplicious for findings with Specification 1 of Charge I (wrongful use of marihuana). This contention is without merit. The appellant used only a small portion of the marihuana. He and Hill retained most of it and sold it a short time later. Possession is not included within use where an accused retains a possession of a substantial remnant. *United States v. Johnson*, 26 M.J. 415 (C.M.A. 1988).

The appellant also contends that the military judge erred by failing to consolidate Specifications 1 and 2 of Charge I (wrongful use of marihuana and cocaine, respectively). We agree. *United States v. White*, 28 M.J. 530, 531 (A.F.C.M.R.1989). *See United States v. Williams*, 22 M.J. 953 (A.C.M.R.1986) (simultaneous possession of different drugs should not be alleged in two specifications). *Cf. United States v. Bostic*, 20 M.J. 562 (A.C.M.R.1985) (use of marihuana and cocaine separate for findings where use of each was separate and discrete act). *Contra United States v. Davis*, 656 F.2d 153 (5th Cir.1981), *cert. denied*, 456 U.S. 930, 102 S.Ct. 1979, 72 L.Ed.2d 446 (1982) (simultaneous possession of marihuana and quaaludes are separately punishable). We will cure this error by consolidating the two specifications.

 The appellant next contends that the military judge erred by failing to rule, *sua sponte*, that Charge II and its Specification (conspiracy to possess and distribute cocaine and marihuana) was multiplicious for sentencing with Specifications 4 and 5 of Charge I (wrongful possession of marihuana and wrongful distribution of cocaine, respectively). We disagree. Conspiracy and the substantive offense which is the object of the conspiracy are separate offenses and separately punishable. *United States v. Washington*, 1 M.J. 473 (C.M.A. 1976).

The appellant also contends that the military judge erred by allowing his company commander, Captain Eduardo Gomez, to testify over defense objection that the appellant had no rehabilitative potential. We agree that the military judge erred, but not for the reasons asserted by the appellant. The appellant had been granted a pass for 4–8 September 1988 but, because he failed to sign out, was reported as absent without leave for that period. Upon his return he was directed by the battalion executive officer to submit to urinalysis, which tested positive for marihuana. Although the trial defense counsel asserted that the urinalysis was illegal, the military judge refused to allow the defense counsel to explore the issue.

During presentencing, Captain Gomez testified for the prosecution that the appellant has no rehabilitative potential. Regarding the appellant's drug problem Captain Gomez testified, "I don't think he's corrected that [drug] problem and so, based strictly on the drug problem I don't think he has rehabilitation potential." The defense objected on the ground that his testimony was based on an illegal urinalysis ordered by the battalion executive officer. The military judge sustained the defense objection to Captain Gomez's statement and instructed the court members to disregard it, but denied a defense motion for a mistrial. The trial counsel asserted that Captain Gomez was referring to another urinalysis, not the one ordered by the battalion executive officer. He failed, however, to establish the basis for Captain Gomez's statement on the record.

 Two principles are involved in this situation. First, before members of the chain of command may testify regarding an accused's rehabilitative potential in accordance with R.C.M. 1001(b)(5), a proper foundation must be laid by establishing that the witness has a personalized opinion based on the accused's character and potential. *United States v. Ohrt*, 28 M.J. 301

(C.M.A.1989). Secondly, an accused's sentence may not be based on constitutionally impermissible considerations. *See United States v. Tucker*, 404 U.S. 443, 92 S.Ct. 589, 30 L.Ed.2d 592 (1972) (sentence reconsideration required when based upon previous convictions which were invalid because the appellant was not represented by counsel); *Jones v. Cardwell*, 686 F.2d 754 (9th Cir.1982) (judge may not consider information obtained in violation of Fifth Amendment). *See also United States v. Balcom*, 20 M.J. 558 (A.C.M.R.1985) (sentence based in part on invalid nonjudicial punishment reassessed). The record reflects that Captain Gomez did not know the appellant well, that the appellant came to his attention as a result of the offenses of which he stands convicted, and that Captain Gomez concluded that the appellant had a continuing problem with drugs. Whether Captain Gomez's analysis of the appellant's drug problem was based on an illegal urinalysis cannot be determined from the record. In short, we are not satisfied that a sufficient foundation, based on constitutionally permissible evidence, for Captain Gomez's opinion was established by the Government.

■ Lastly, the appellant contends that the military judge erred by admitting evidence of a four-day unauthorized absence. Over defense objection the military judge admitted two DA Forms 4187, Personnel Action (Prosecution Exhibits 2 and 3), reflecting that the appellant was absent without leave from 0800 hours, 5 September 1988, until 0135 hours, 9 September 1988. The basis for the defense objection was that the entries were inaccurate and that the appellant had not been given an opportunity to rebut them.[1]

Major Michael E. Crimens, a prosecution witness, testified during presentencing that the appellant was given a four-day pass beginning on 5 September 1988 and that he was reported as absent without leave because he failed to sign out. Major Crimens further testified that the appellant had not been briefed on the sign-out procedures and probably was unaware of them, and that the appellant reported for duty on 10 September, as required by the terms of his pass.

■ The DA Form 4187 is required to be filed in the Military Personnel Records Jacket to document time lost because of unauthorized absence. 10 U.S.C. § 972; Army Regulation 640–10, All Ranks Personnel, (16 March 1988), Table 3–1. The appellant's personnel record, DA Form 2–1, reflects four days time lost, from 5 through 9 September 1988, the same period reflected as unauthorized absence in Prosecution Exhibits 2 and 3. We hold that Prosecution Exhibits 2 and 3 were admissible as personnel records under the provisions of R.C.M. 1001(b)(2). *See United States v. Denney*, 28 M.J. 521, 528 (A.C.M.R.1989) (DA Form 4187 admissible as a personnel record). However, the uncontroverted evidence establishes that they were grossly inaccurate and misleading and objected to on that basis by the appellant. Major Crimen's uncontroverted testimony establishes that the appellant had been given a pass for the period and was reported as absent without leave solely because he failed to follow the sign-out procedures. While he may or may not have violated some order or directive prescribing sign out procedures, he clearly was not absent without leave for the period in question. We hold that it was an abuse of discretion for the military judge to admit the documents, over defense objection, incorrectly characterizing the absence as without authority. Mil.R.Evid. 403.

We will reassess the sentence in light of the above-noted errors. We note that the appellant was sentenced by a panel of senior, experienced officers, who were not likely to be unduly influenced by the testimony regarding the appellant's rehabilitative potential. We find that the substantial reduc-

---

1. We note that the authenticating certificates for Prosecution Exhibits 2 and 3 do not recite that the documents were filed in the appellant's personnel records nor do they recite that the custodian of the documents is the custodian of the appellant's personnel records. Since no objection was made to the authentication of the documents, the error was waived. *United States v. King*, 27 M.J. 545 (A.C.M.R.1988).

tion of the adjudged sentence required by the pretrial agreement was sufficient to purge any prejudice arising from the testimony of Captain Gomez or the admission of Prosecution Exhibits 2 and 3.

On the basis of the error noted, Specification 1 of Charge I is amended by adding the words "and some amount of cocaine, a schedule II controlled substance," after the words "marijuana a schedule I controlled substance." Specification 1 of Charge I, as amended, is affirmed. Specification 2 of Charge I is set aside and dismissed.

The remaining findings of guilty are affirmed. Reassessing the sentence on the basis of the errors noted and the entire record, the sentence is affirmed.

Senior Judge DeFORD and Judge WERNER concur.