UNITED STATES

v.

**Sergeant Lee A. ALEXANDER, FR 265–77–8025, United States Air Force.**

**ACM 28455.**

U.S. Air Force Court of Military Review.

Sentence Adjudged 5 Jan. 1990.

Decided 17 Jan. 1991.

Appellate Counsel for the Appellant: Colonel Richard F. O'Hair and Captain Ronald A. Gregory.

Appellate Counsel for the United States: Colonel Robert E. Giovagnoni, Major Paul H. Blackwell, Jr. and Captain Thomas E. Wand.

Before LEONARD, RIVES and McLAUGHLIN, Appellate Military Judges.

## OPINION OF THE COURT

RIVES, Judge:

Contrary to his pleas, Sergeant Lee Alexander was convicted of six specifications of drug offenses in violation of Article 112a, UCMJ, 10 U.S.C. § 912a: use of marijuana; introduction of marijuana onto a military installation with the intent to distribute the drug; possession of marijuana; possession of cocaine; possession of methamphetamine; and use of methamphetamine. His approved sentence is a bad conduct discharge, confinement for 21 months, forfeiture of $550.00 of his pay per month for 21 months, and reduction to airman basic.

Alexander entered into a confessional stipulation, admitting most of the charged misconduct while preserving his pre-plea motions. Assessing the first issue he now raises, we find that the evidence seized in the search of his dormitory room was lawfully obtained. We next hold that the charge of possession of cocaine was proven, but it should not have been alleged as a separate offense. Finally, we decline to find that the appellant was the victim of selective prosecution.

I

Alexander performed duties with a detached unit of about 50 people at a remote site. On 18 May 1989, the local sheriff

advised the unit commander that several unnamed military members had purchased illicit drugs. After determining that he did not have probable cause to order a search, the commander arranged for an inspection by a military working dog (MWD) team from a nearby Air Force base.

The MWD team arrived at the site on 22 May. After displaying their competency for the commander, the team began a walk-through inspection. While in a common area outside Alexander's room,[1] the dog alerted on the room. The commander was briefed; he found probable cause and orally authorized a search of the room. The MWD team was used in the subsequent search. A drinking straw was seized from Alexander's dresser. It later tested positive for both cocaine and methamphetamine. Alexander consented to a search of his car, where marijuana was found. He also consented to provide a urine specimen, which tested positive for marijuana.

■ At trial, the defense moved to suppress all evidence seized in the search of Alexander's room as well as all derivative evidence. The military judge denied the motion, finding the evidentiary items to have been seized as part of a legitimate morale, welfare and readiness inspection. On appeal, Alexander contends that the military judge erred in failing to apply the "clear and convincing evidence" standard of Mil.R.Evid. 313(b) to determine whether the inspection was valid.

When a purpose of an examination is to locate contraband and the examination is "directed immediately following a report of a specific offense in the unit," the prosecution must "prove by clear and convincing evidence that the examination was an inspection ..." and not a subterfuge for a search that lacked probable cause. Mil.R. Evid. 313(b). In this case, the inspection was conducted four days after the report of drug abuse. This delay, however, resulted from the commander's desire to use the MWD team to conduct the inspection,

and the time it took to arrange the inspection at the unit's remote location. Under these facts, we find that the commander ordered the inspection "immediately following" the report that drugs had been purchased by members of his command. Therefore, we agree with the appellant that the "clear and convincing evidence" standard was triggered. The military judge should have applied that standard to determine the admissibility of the items seized; we will apply it in our independent review of the facts. Article 66(c), UCMJ.

■ The commander testified that he directed the inspection to: (1) insure military fitness; (2) establish unit readiness and security; (3) protect the image of the military in the local community; and (4) determine whether a drug problem existed. These were legitimate grounds on which to conduct an inspection, and they were not superceded by the recent report of criminal activity that also provided a reason for the examination. *See also United States v. Murphy*, 28 M.J. 758, 761 (A.F.C.M.R.1989) ("a commander may have any variety of 'immediate motives' for directing an examination of his unit without running afoul of the 'primary purpose' language of Mil.R. Evid. 313(b)"). This Court has previously noted that "[w]e do not believe that the drafters of Mil.R.Evid. 313(b) ... intended to fashion a rule that a unit might not conduct a legitimate health-and-welfare inspection" simply because there also "exists some degree of command suspicion concerning the activities of any of its members." *United States v. Shepherd*, 24 M.J. 596, 600 (A.F.C.M.R.1987), *pet. denied* 25 M.J. 238 (C.M.A.1987).

While the inspection here "immediately followed" the report of a crime, no specific individuals were "selected for examination" and no one was "subjected to substantially different intrusions" during the examination—situations which would also trigger the subterfuge rule of Mil.R.Evid. 313(b). *See, e.g., United States v. Thatcher*, 28

---

**1.** Although the facts are not developed in great detail, and are in fact disputed by appellate counsel, we have used our independent fact-finding power to find that the MWD team was in a common area outside the appellant's room at the time of the alert. Article 66(c), UCMJ, 10 U.S.C. § 866(c); *United States v. Cole*, 31 M.J. 270 (C.M.A.1990).

M.J. 20 (C.M.A.1989); *United States v. Pappas*, 30 M.J. 513, 517 (A.F.C.M.R.1990); *United States v. Parker*, 27 M.J. 522 (A.F. C.M.R.1988). We are satisfied that the primary purpose of the examination here, shown by clear and convincing evidence, was a valid inspection. The resulting evidence against Alexander is admissible.

 Finally, we note an alternate basis for the admission of the evidence.[2] The drug dog alerted while in a common area outside Alexander's room, an area in which the appellant had no cognizable expectation of privacy. The alert provided the commander with probable cause for the subsequent search of the room. *United States v. Middleton*, 10 M.J. 123 (C.M.A.1981); *United States v. Grosskreutz*, 5 M.J. 344 (C.M.A.1978); *United States v. Guillen*, 14 M.J. 518 (A.F.C.M.R.1982). The trial litigants did not focus on the fact that the search was properly conducted on this independent basis.[3] The commander's probable cause search authorization provides another valid basis for admission of the seized items.

## II

The appellant next urges that the evidence is insufficient to support his conviction for possession of cocaine. Alexander testified that he had purchased some methamphetamine and inhaled it through the straw that was seized in the search of his room. He stipulated that laboratory tests correctly identified the residue in the straw as both methamphetamine and cocaine, but he denied any knowing use of cocaine. Other evidence showed that it was "not uncommon in the local area" to find methamphetamine mixed with cocaine.

 Since Alexander was aware that he possessed a contraband substance, and since that substance did in fact contain cocaine, he was properly convicted of possessing cocaine. In order to prove the wrongful possession of cocaine, the government merely had to show that Alexander knowingly possessed a controlled substance; as the Court of Military Appeals has noted:

> ... it is not necessary that the accused have been aware of the precise identity of the controlled substance, so long as he is aware that it is a controlled substance. For example, if he believes he possesses cocaine when, in fact, he possesses heroin, he could be convicted of wrongful possession of heroin because he had "knowledge" adequate to establish wrongfulness.

*United States v. Mance*, 26 M.J. 244, 254 (C.M.A.1988); *see also United States v. Jefferson*, 13 M.J. 779 (A.C.M.R.1982).

 While we affirm Alexander's conviction for possession of cocaine, we also hold that the simultaneous possession of *residue amounts* of different drugs should be consolidated into a single specification. *United States v. Nixon*, 29 M.J. 505, 507 (A.C.M.R.1989). No evidence was presented to show separate uses of methamphetamine and cocaine. Instead, the facts indicate that the residue of drugs in the straw resulted from Alexander's admitted use of methamphetamine that apparently had been laced with cocaine. Some cases have exigencies of proof that justify separate specifications when small amounts of different drugs are possessed simultaneously. Under the circumstances here, however, we find that the charges of possession of cocaine and possession of methamphetamine are multiplicious for findings. *United*

2. Under Mil.R.Evid. 311(d)(3), the defense may be required to specify the basis for any suppression motion; Mil.R.Evid. 311(e)(3) provides that the government, in response, need only address the specific grounds raised by defense. However, it would be prudent for government counsel to also raise any available alternate basis for the admissibility of the evidence.

3. We also note that the commander was the only witness called on the suppression motion. Counsel based much of their arguments on of-

fers of proof; although opposing counsel frequently disagreed with the proffers, no additional *evidence* was tendered. *See* Mil.R.Evid. 103(a)(2); *United States v. Stubbs*, 23 M.J. 188, 195 (C.M.A.1987). Additionally, three separate oral stipulations were offered, but the appellant's consent was never shown. *See* Mil.R. Evid. 811(c). We treat these "stipulations" as mere offers of proof. Counsel must be careful to establish a proper factual basis for evidentiary rulings.

*States v. White,* 28 M.J. 530 (A.F.C.M.R. 1989); *United States v. Williams,* 22 M.J. 953, 955 (A.C.M.R.1986); *see United States v. Bullington,* 18 M.J. 164 (C.M.A.1984).

■ We are satisfied that Alexander was not harmed as to sentence by this multiplicity, because of the military judge's treatment of the issue. He decided that the separate allegations of possession of methamphetamine and possession of cocaine were multiplicious for sentencing purposes with the charge of use of methamphetamine. *See White,* 28 M.J. at 530.

■ We disagree with the appellant's assertion that the charges of possession of cocaine and possession of methamphetamine are multiplicious for findings with the charge of use of methamphetamine. *But cf. United States v. Johnson,* 26 M.J. 415, 419 (C.M.A.1988)(charges of use and possession of heroin are multiplicious for findings where no substantial remnant exists after a one-time use of the drug). The appellant was convicted of using methamphetamine during the period from 1 April 1989 through 22 May 1989; the possession charges relate to the residue of the drugs found in the straw on 22 May 1989. Under the facts here, Alexander was properly convicted of separate offenses for using methamphetamine over the extended period of time and possessing the residue of drugs on a single occasion. *See United States v. Stottlemire,* 28 M.J. 477 (C.M.A.1989); *United States v. Holt,* 16 M.J. 393 (C.M.A. 1983); *United States v. Baker,* 14 M.J. 361 (C.M.A.1983).

### III

■ We find no merit in the appellant's assertion that he was the victim of selective prosecution. He alleges prejudice from the fact that two other military members were involved in the marijuana offense, but only he was charged with the wrongful introduction of marijuana onto a military installation with the intent to distribute the drug.

In order to show a selective or discriminatory prosecution, an accused:

... bears the heavy burden of establishing, at least *prima facie,* (1) that, while others similarly situated have not generally been proceeded against because of conduct of the type forming the basis of the charge against him, he has been singled out for prosecution, and (2) that the government's discriminatory selection of him for prosecution has been invidious or in bad faith, i.e., based upon such impermissible considerations as race, religion, or the desire to prevent his exercise of constitutional rights.

*United States v. Hagen,* 25 M.J. 78, 83 (C.M.A.1987), *cert. den.,* 484 U.S. 1060, 108 S.Ct. 1015, 98 L.Ed.2d 981 (1988), *quoting United States v. Berrios,* 501 F.2d 1207, 1211 (2d Cir.1974).

The military judge found an adequate basis for the charge against Alexander, and he determined that the facts did not show the three individuals involved to be "similarly situated" so as to mandate a similar charge against each person. He further decided that Alexander did not belong to a protected class as to this charge, and he ultimately ruled that neither bad faith nor abuse of prosecutorial discretion were shown.

Alexander arranged for the introduction of marijuana onto the installation from his drug source; the marijuana was received in Alexander's room; and Alexander advanced the money to purchase the drug for one of the other individuals involved. Alexander's criminal involvement was not only greater than the other two individuals, but was in some respects exclusive. The appellant was not the victim of selective prosecution. *See United States v. Bradley,* 27 M.J. 872 (A.F.C.M.R.1989).

### IV

On the basis of the error noted, Specifications 4 and 5 of the Charge are consolidated as Specification 4 of the Charge as follows:

In that SERGEANT LEE ALAN ALEXANDER, United States Air Force, Detachment 18, 1st Electronic Combat Range Group (SAC), did, at or near dormitory room 8–9, Detachment 18, 1 Com-

bat Evaluation Group, Forsyth, Montana, on or about 22 May 1989, wrongfully possess some amount of cocaine and some amount of methamphetamine.

The findings of guilty of Specification 4 (consolidated) of the Charge are affirmed.

The remaining findings and sentence are correct in law and fact, the sentence is appropriate, and no error prejudicial to the substantial rights of the accused was committed. Accordingly, the findings of guilty, as modified, and the sentence are

AFFIRMED.

Senior Judge LEONARD and Judge McLAUTHLIN concur.