*United States v. Sales*, 22 M.J. 305 (C.M.A. 1986), the sentence is affirmed.

**UNITED STATES, Appellee,**

v.

**Specialist Lowell K. COLEMAN, 242–13–2837, United States Army, Appellant.**

**ACMR 9100376.**

U.S. Army Court of Military Review.

16 April 1992.

For Appellant: Captain Robin N. Swope, JAGC, Captain Michael W. Meier, JAGC, Captain Kurt J. Mayer, JAGC (on brief).

For Appellee: Lieutenant Colonel Daniel J. Dell'Orto, JAGC, Major Joseph C. Swetnam, JAGC, Captain Marcus A. Brinks, JAGC (on brief).

Before De GIULIO, HAESSIG, and ARKOW, Appellate Military Judges.

## OPINION OF THE COURT

De GIULIO, Senior Judge:

Appellant was tried by a general court-martial composed of officers. Pursuant to his pleas, he was found guilty of unauthorized absence from his place of duty from 2–5 November 1990 and missing movement through design. Contrary to his pleas he was found guilty of a second specification of unauthorized absence from his place of duty from 16–27 November 1990. He was sentenced to a dishonorable discharge, confinement for two years, total forfeitures, and reduction to Private E1. The convening authority approved the sentence.

This case was submitted to this Court on its merits. This Court specified the issue of whether the military judge established a sufficient factual predicate for the unauthorized absence from 2–5 November in light of appellant's statement that he was present in the unit's barracks during part of the alleged absence. We find that the providence inquiry is only sufficient to support a one-day unauthorized absence. This Court also specified the issue of whether the evidence is legally and factually sufficient to sustain appellant's conviction of the unauthorized absence from his place of duty from 16–27 November 1990 where the evidence indicates that appellant was present in the unit's barracks. We find the evidence insufficient to support the findings of guilty to this offense. We will take corrective action and reassess the sentence.

Appellant entered a plea of guilty to a specification alleging that he "did, on or about 2 November 1990, without authority, absent himself from his place of duty at which he was required to be, to wit: Detachment C, 1st Cavalry Division (Rear) (Provisional), located at Fort Hood, Texas, and remain so absent until on or about 5 November 1990."

■ During the providence inquiry, appellant stated that he went "partying" on Thursday night, and became very drunk. He was still drunk Friday morning, did not make it to work that day, 2 November 1990, and stayed at a friend's house off post. He then returned to his barracks, remained there throughout the weekend, and went to work Monday morning, 5 November 1990. Appellant stated that his detachment did not work during the weekend. No one was on duty at the detachment over the weekend except the charge of quarters. Appellant stated that his barrack was right across the street from where he worked.

The military judge expressed concern whether the offense was a one-day unauthorized absence from his place of duty. Relying on trial counsel's statement that appellant was required to report to someone in authority, the military judge did not clarify this matter.

■ It appears that the drafters of the specification confused the place of duty in the offense of failure to repair with the place of duty intended for the more general unauthorized absence. Article 86(3), Uniform Code of Military Justice, 10 U.S.C. § 886 (1982) [hereinafter UCMJ], provides for the punishment of any soldier who "absents himself from his unit, organization, or place of duty at which he is required to be at the time prescribed...." "Place of duty" is "a generic term designed to cover the broader concept of a general place of duty as might be contained within ... 'com-

mand,' 'quarters,' 'station,' 'base' or 'post.'" *United States v. Brown*, 24 C.M.R. 585, 591 (A.F.B.R.1957). This is different from the appointed place of duty under Article 86(2), UCMJ, (failure to repair) where the place of duty must be specific and not general. *See United States v. Sturkey*, 50 C.M.R. 110 (A.C.M.R.1975).

Government appellate counsel contends that appellant's presence in his barracks was merely a casual presence and did not terminate his absence. Under the circumstances of this case, we believe that appellant's presence in his assigned barracks is more than the casual presence contemplated by that concept. *Cf. United States v. Acemoglu*, 45 C.M.R. 335 (C.M.A.1972) (visit to United States Embassy did not terminate unauthorized absence); *United States v. Jackson*, 2 C.M.R. 96 (C.M.A. 1952) (submission to jurisdiction of summary court-martial did not terminate unauthorized absence where status not disclosed); *United States v. Nixon*, 29 M.J. 505 (A.C.M.R.1989) (presence at a post exchange while attempting to cash a check did not terminate unauthorized absence); *United States v. Coglin*, 10 M.J. 670 (A.C.M.R.1981) (presence at another installation for the purpose of getting a compassionate reassignment and not disclosing status did not terminate unauthorized absence); *United States v. Baughman*, 8 M.J. 545 (C.G.C.M.R.1979) (talking on telephone to recruiter did not terminate unauthorized absence). In any event, the military judge failed to clarify this matter which was inconsistent with appellant's plea of guilty to unauthorized absence beyond Friday. *See United States v. Davenport*, 9 M.J. 364 (C.M.A.1980); *United States v. Care*, 40 C.M.R. 247 (C.M.A.1969).

 The evidence regarding the second specification of unauthorized absence creates a picture of confusion. The specification again alleges that appellant was absent without authority from his place of duty: Detachment C, 1st Cavalry Division (Rear) (Provisional) located at Fort Hood,

Texas. The period of unauthorized absence alleged was from 16–27 November 1990. It appears that some members of the unit were being sent for duty in Saudi Arabia. It is not clear from the record whether this movement was by unit or individual. In order to keep personnel employed, some soldiers, to include appellant, were assigned guard detail. One noncommissioned officer with authority over appellant testified that "[there was] a lot of confusion in the detachment at the time." Appellant was apparently subject to two chains of command, neither of which seemed to know what the other was doing. The evidence of record also indicates that appellant believed that an unidentified sergeant had relieved him of guard duty so he could prepare for deployment, that appellant was present in his barracks during the time of the alleged absence,[1] and that appellant did draw equipment required for the deployment. Evidence of record also reveals appellant's superiors knew he was in the barracks. Under the circumstances of this case, especially where appellant was charged with absence from a place of duty alleged as "Detachment C, 1st Cavalry Division (Rear) (Provisional) located at Fort Hood, Texas," we are reluctant to find that the evidence is legally sufficient to support the findings of guilty of that offense. *See Jackson v. Virginia*, 443 U.S. 307, 99 S.Ct. 2781, 61 L.Ed.2d 560 (1979). In any event, we are not convinced beyond a reasonable doubt of appellant's guilt of this offense. UCMJ art. 66(c), 10 U.S.C. § 866(c); *United States v. Turner*, 25 M.J. 324 (C.M.A.1987).

Accordingly, as to Specification 1 of Charge I, only so much of the finding of guilty is affirmed as finds that appellant did, on or about 2 November 1990, without authority, absent himself from his place of duty at which he was required to be, to wit: Detachment C, 1st Cavalry Division (Rear) (Provisional), located at Fort Hood, Texas, and did remain so absent until on or about 3 November 1990. As to Specification 2 of

---

1. Again, it is noted appellant's barracks was one block away from where he performed guard duty.

Charge I, the finding of guilty is set aside. Specification 2 of Charge I is dismissed. The remaining findings of guilty are affirmed. Reassessing the sentence on the basis of the error noted, the entire record and *United States v. Sales*, 22 M.J. 305 (C.M.A.1986), this Court affirms only so much of the sentence as provides for a bad-conduct discharge, confinement for fifteen months, total forfeitures, and reduction to Private E1.[2]

Judge HAESSIG and Judge ARKOW concur.

2. In taking this action we have considered appellant's assertion submitted pursuant to *United States v. Grostefon*, 12 M.J. 431 (C.M.A.1982).