**UNITED STATES of America,
Plaintiff-Appellee,**

v.

**Bob G. ANDERSON,
Defendant-Appellant.**

No. 80–2276
Summary Calendar.

United States Court of Appeals,
Fifth Circuit.
Unit A

July 22, 1981.

---

Ronald J. Waska, Houston, Tex., for defendant-appellant.

John M. Potter, Asst. U. S. Atty., Houston, Tex., for plaintiff-appellee.

Before CHARLES CLARK, REAVLEY and WILLIAMS, Circuit Judges.

JERRE S. WILLIAMS, Circuit Judge:

Appellant Bob G. Anderson was tried and convicted on both counts of a two count indictment charging (1) conspiracy to import a controlled substance into the United States, and (2) attempt to import a controlled substance into the United States, both under 21 U.S.C. § 963.

Anderson participated in undertaking to organize an illicit business enterprise to import one thousand pounds of "high-grade" marijuana into the United States from Mexico every three days. The marijuana was to be brought to the Conroe, Texas, airport and then to be distributed through a three state area. Marijuana is, of course a controlled substance under the statute making it unlawful to import into the United States any controlled substance, 21 U.S.C. § 952(a). Section 963 of the same title under which the two counts of the indictment were laid provides for the punishment of "[a]ny person who attempts or conspires to commit any offense defined in this subchapter...." Under the jury verdicts finding Anderson guilty, the trial court imposed consecutive sentences of four years imprisonment and a $15,000 fine on the conspiracy count and under the attempt count three years probation with supervision, including as a condition of probation five hours a week to be served in court-approved community service. Anderson's motion for a new trial was denied and he appeals.

## SUFFICIENCY OF THE EVIDENCE

■ Urged on appeal is the claim that there is a lack of sufficient evidence to ground conviction on either count. In the consideration of this claim, the facts must be viewed most favorably to the government. *Glasser v. United States*, 315 U.S. 60, 62 S.Ct. 457, 86 L.Ed. 680 (1942). Evidence introduced at the trial showed that Anderson approached a local businessman in Conroe, Texas, to obtain a pilot and plane for the purpose of smuggling marijuana from Mexico into this country. The local businessman consulted with law enforcement authorities and at their request agreed to participate in the plan. The local businessman introduced Anderson to Atkins, an undercover agent of the Drug Enforcement Administration, who agreed to provide a plane and act as pilot in furtherance of Anderson's plan. Anderson revealed the details of his plan to the agent, including the source of the marijuana in Mexico. He gave indication that he had prepaid for the first load of five hundred pounds and outlined the overall plan to import one thousand pounds every three days to the Conroe airport where it would then be distributed in the three state area.

Anderson at a later time gave Atkins $8,000 in cash to rent the aircraft and prepare for the first flight. Some of the conversations between Anderson and the agent were taped. On April 7, 1980, the first flight was begun. Anderson joined the agent to fly to Mexico with a stopover in McAllen, Texas. Since arrangements had to be to refuel on returning from Mexico, Anderson told Atkins that he had arranged for the use of an airstrip near Premont, Texas. He had arranged for fuel to be delivered there and the strip to be lighted. On the flight down to McAllen, Atkins flew two low passes over the strip to inspect it. After landing in McAllen to refuel, Anderson met with his contact in McAllen, Roosevelt Martin, in the presence of the agent.

Anderson told the agent that Martin was to be the person to deliver payments for the various loads to the sources of the marijuana. Martin would also make the arrangements for preparing the airstrip for refueling on the way back. In the agent's presence at the McAllen airport, Anderson attempted to pay $1,000 to Martin to make the arrangements for the aviation fuel and a truck at the Premont airstrip. At this point DEA agents arrested Martin and Anderson. The projected flight did not continue on into Mexico because the Mexican government had declined to cooperate or consent to the investigation by DEA agents through the continuance of the flight into Mexico.

■ In evaluating this evidence under the *Glasser* rule, it must be concluded that: "Taking the view most favorable to the government, reasonable minds could conclude that the evidence is inconsistent with any [reasonable] hypothesis of the accused's innocence." *United States v. Alfrey*, 620 F.2d 551, 555 (5th Cir. 1980). On Count I charging the conspiracy, appellant claims that the evidence is insufficient to prove that others were involved. One named and known conspirator was arrested with Anderson. In addition, Anderson reported that "El Huerto" was the contact man on the conspiracy in southern Vera Cruz, Mexico. Conversations with the agent indicated that "Jesus" was to meet the defendant in Premont and show him the landing strip site area. Others, although not named or known, would be required to light the strip and unload the cargo. Anderson admitted to the agents that there were ultimate long range distributors in at least three states. This is sufficient evidence to uphold the conspiracy charge.

■ On Count II Anderson asserts that there had only been mere "preparations," and thus an attempt to import marijuana had not taken place. The facts shown belie this assertion. He had arranged for the aircraft and the pilot. He was arrested when he was about to pass $1,000 to Martin to arrange for the fuel and lighting of the landing strip. He was participating in the flight to Mexico to import the first five hundred pounds, stopping in McAllen only to refuel and make these arrangements. The evidence shows that appellant intended to commit the crime, had made necessary preparations, and was actually participating in overt acts which were not mere preparation for the offense, but were the actual necessary steps in the offense itself.

It must be concluded that there is sufficient evidence to support the jury verdict of guilt with respect to both the charge of conspiracy to import and attempt to import the marijuana.

### CONSPIRACY AND ATTEMPT CHARGES BASED UPON THE SAME EVENTS

Appellant claims error in being charged with both conspiracy and attempt for the same factual episode or instance. He asserts that the government should have been required to elect between the counts because there was no meaningful distinction in the activities that formed the basis of the two charges.

■ It is clear that 21 U.S.C. § 963 lists two separate offenses, conspiracy to import and attempt to import. It is recognized under the leading case of *Blockburger v. United States*, 284 U.S. 299, 304, 52 S.Ct. 180, 182, 76 L.Ed. 306 (1932), that although some elements overlap, separate crimes occur even when they are based upon the same conduct if they require proof of different facts. As this Court said in *Stephens v. Zant*, 631 F.2d 397, 401 (1980): "[E]ven if they involve the same transaction and considerably overlap each other factually, they are not the 'same offense' under *Blockburger*."

■ It is established that attempts where prohibited in the statute are prosecuted and punished as substantive crimes separate and apart from the offense of conspiracy. *United States v. Mecham*, 626 F.2d 503, 508 (5th Cir. 1980). Under § 963 this Court has upheld convictions on conspiracy to import where no requirement to prove attempt was necessary, *United States v.*

*Grassi,* 616 F.2d 1295 (5th Cir.), *cert. denied,* —— U.S. ——, 101 S.Ct. 363, 66 L.Ed.2d 220 (1980). The attempt count required proof of substantial acts which "evidence commitment to the criminal venture." *United States v. Oviedo,* 525 F.2d 881, 885 (5th Cir. 1976). *And see United States v. Mandujano,* 499 F.2d 370, 376 (5th Cir. 1974), *cert. denied,* 419 U.S. 1114, 95 S.Ct. 792, 42 L.Ed.2d 812 (1975). No proof of overt acts is required in a charge of conspiracy to import a controlled substance. Only proof of the actuality of conspiring to commit the offense need be shown. *United States v. Thomas,* 567 F.2d 638, 641 (5th Cir.), *cert. denied,* 439 U.S. 822, 99 S.Ct. 90, 58 L.Ed.2d 114 (1978). This Court clearly has recognized the distinction here made in *United States v. Perez-Herrera,* 610 F.2d 289, 291 (1980), saying: "In addition to attempts, § 963 forbids conspiracies to violate the substantive sections of title 21." The court adequately instructed the jury as to the distinction between the attempt and its requirement of an overt act and the nature of the conspiracy charge in the planning of the alleged crime.

Appellant's claim that he was twice put in jeopardy for the same offense in violation of the Fifth Amendment because of the trial on the two separate counts falls under the analysis set out above. Two separate offenses were proved to have been committed.

### CONSECUTIVE SENTENCES

Finally, appellant claims that the trial court erred in assessing consecutive sentences. Since there were two separate crimes, and since each sentence was within the maximum for the offense, this claim is without merit. Consecutive sentences may be imposed for the conspiracy and the substantive offense. *United States v. Arce,* 633 F.2d 689, 696 (5th Cir. 1980).

Appellant was properly tried and convicted of two separate offenses. There is sufficient evidence to support both convictions, no error in the trial was shown, and the sentences given were properly within the discretion of the trial court.

AFFIRMED.