**UNITED STATES of America,**
**Plaintiff–Appellee,**

v.

**Jay W. MARDEN, Defendant–Appellant.**

No. 88–3594
Summary Calendar.

United States Court of Appeals,
Fifth Circuit.

April 24, 1989.
Rehearing Denied May 22, 1989.

Jay R. Moskowitz, Sands & Moskowitz, Coconut Grove, Fla., for defendant-appellant.

Harold J. Gilbert, Jr., John P. Volz, U.S. Atty., New Orleans, La., Frank J. Marine, Sp. Counsel to Chief Organized Crime and Racketeering Sec., Crim. Div., Justice Dept., Washington, D.C., for plaintiff-appellee.

Before RUBIN, GARWOOD and DAVIS, Circuit Judges.

GARWOOD, Circuit Judge:

Defendant-appellant Jay W. Marden (Marden) appeals the district court's partial denial of his motion to dismiss the indictment against him on double jeopardy grounds. We affirm the court's ruling, holding that the Fifth Amendment is not offended when an individual is tried for attempt to commit acts for which he has previously been convicted of conspiracy to commit in violation of 21 U.S.C. §§ 952 and 960, and 21 U.S.C. § 841(a)(1).

**Facts and Proceedings Below**

At the time of the conspiracy, Marden lived in South Florida and was acquainted with both Randy Fink, a successful importer of marihuana, and Sam Edwards, a former United States Customs Service agent who had been involved in drug smuggling. Marden allegedly introduced Fink and Edwards in February 1985, at which time the three discussed bringing a shipload of marihuana into South Florida. Marden's role, according to Edwards, was to negotiate the finances of the scheme. A fourth conspirator, Customs official Charles Jordan, suggested that the South Florida area was too dangerous and that New Orleans would be more suitable as a place to distribute the drugs. The group discussed plans for both an air drop into Florida and a shipment of drugs into New Orleans.

In August 1985, a planeload of fifty kilograms of marihuana came into the Florida Keys pursuant to the conspiracy. The conspirators, including Marden, then allegedly met to discuss the impending New Orleans importation. The M/V MAC VIE, loaded with approximately 51,000 pounds of marihuana, came into New Orleans on August 20, 1985, ten days after the Florida load was dropped. Fink and Edwards were arrested in New Orleans, and Marden was arrested in Florida.

By an indictment filed on September 29, 1987, in the United States District Court for the Eastern District of Louisiana, Marden, with several coconspirators, was charged with four offenses stemming from the alleged importation of approximately 51,000 pounds of marihuana on board the M/V MAC VIE: conspiring to import in violation of 21 U.S.C. §§ 952 and 963 (Count 1); attempting to import in violation of 18 U.S.C. § 2 and 21 U.S.C. §§ 952 and 963 (Count 2); conspiring to possess with intent to distribute in violation of 21 U.S.C. §§ 841(a)(1) and 846 (Count 3); and possessing illicit drugs on board a vessel within in the customs waters of the United States, with intent to distribute, in violation of 21 U.S.C. §§ 955a(c), 19 U.S.C. § 1401(j), and 18 U.S.C. § 2 (Count 4).

By an indictment filed on October 16, 1987, in the United States District Court for the Southern District of Florida, Marden was charged with four offenses stemming from the alleged importation of over fifty kilograms of marihuana into South Florida: conspiring to import in violation of 21 U.S.C. §§ 952 and 960 (Count 1);[1] importing in violation of 21 U.S.C. § 952(a) and 18 U.S.C. § 2 (Count 2); conspiring to possess with the intent to distribute in violation of 21 U.S.C. §§ 841(a)(1) (Count 3); and possessing with intent to distribute in violation of 21 U.S.C. § 841(a)(1) and 18 U.S.C. § 2 (Count 4).

Following a jury trial in the Florida proceeding, Marden was convicted on the conspiracy charges (Counts 1 and 3) and acquitted on the substantive charges (Counts 2 and 4). On August 18, 1988, he was sentenced to seven years' imprisonment on each count to run concurrently and was fined $50,000.

Marden then filed a pre-trial motion to dismiss the Louisiana indictment on double jeopardy grounds. The government agreed to the dismissal of the conspiracy charges (Counts 1 and 3), but opposed the dismissal of the substantive counts (Counts 2 and 4). The Louisiana district court dismissed

---

**1.** The Florida indictment charges conspiracy in violation of 21 U.S.C. §§ 952 and 960. We note that the charge of conspiracy to violate these sections is properly made as a violation of section 963.

Counts 1 and 3, but denied Marden's motion to dismiss Counts 2 and 4, finding that he had never been put in jeopardy for the substantive counts of the Louisiana indictment. The court stayed Marden's trial on these two counts pending resolution of the issue by this Court, which has jurisdiction to review the denial of a motion to dismiss based on double jeopardy grounds under *Abney v. United States*, 431 U.S. 651, 97 S.Ct. 2034, 2040, 52 L.Ed.2d 651 (1977).

## Discussion

■ The Supreme Court's test dictating when a prosecution is barred by the Fifth Amendment's double jeopardy prohibition is set out in *Blockburger v. United States*, 284 U.S. 299, 52 S.Ct. 180, 76 L.Ed. 306 (1932). If each different statutory offense requires proof of a fact that the other does not, the *Blockburger* test is satisfied, notwithstanding a substantial overlap in the proof offered to establish the crimes. *United States v. Kalish*, 734 F.2d 194, 196–97 (5th Cir.), *reh'g denied*, 738 F.2d 437 (1984), *cert. denied*, 469 U.S. 1207, 105 S.Ct. 1169, 84 L.Ed.2d 321 (1985). In applying this test, the court focuses on the statutory elements of the crimes, not on the actual evidence underlying the charges. *Blockburger*, 52 S.Ct. at 182; *Illinois v. Vitale*, 447 U.S. 410, 100 S.Ct. 2260, 2265, 65 L.Ed.2d 228 (1980) ("[T]he *Blockburger* test focuses on the proof necessary to prove the statutory elements of each offense, rather than on the actual evidence to be presented at trial. Thus we stated that if 'each *statute* requires proof of an additional fact which the other does not,' the offenses are not the same under the *Blockburger* test.") (citations omitted); *United States v. Bankston*, 603 F.2d 528, 534 (5th Cir.1979); *United States v. Cowart*, 595 F.2d 1023, 1029 (5th Cir.1979); *United*

*States v. Marable*, 578 F.2d 151, 153 (5th Cir.1978).

■ Marden challenges the government's prosecution in Louisiana of the substantive offenses of attempt to import, *see United States v. Anderson*, 651 F.2d 375, 378 (5th Cir.1981) (stating that attempt is prosecuted as a substantive crime separate from the offense of conspiracy), and possession within United States waters, after he had been convicted in Florida of conspiracy to import and to possess with the intent to distribute.[2] Convictions for both conspiracy and the substantive offense that is the object of the conspiracy generally do not constitute double jeopardy, *see Pinkerton v. United States*, 328 U.S. 640, 66 S.Ct. 1180, 1181–82, 90 L.Ed. 1489 (1946), even when prosecuted separately under separate indictments, *see Kalish*, 734 F.2d at 194, and when the same evidence proves both offenses, *see Cowart*, 595 F.2d at 1031. The only exception to this proposition is if the elements that must be proved to convict of the substantive offense and the conspiracy are identical. *Pereira v. United States*, 347 U.S. 1, 74 S.Ct. 358, 364, 98 L.Ed. 435 (1954).

Obviously, the substantive offense of possession within United States waters (Louisiana Count 4) requires proof of an element not required to convict Marden of conspiracy—actual possession. In fact, a conspiracy to violate this substantive offense was not charged in the Florida indictment. Conversely, the Florida conspiracy charges required proof of an agreement, which was not required to be proved under this count of the Louisiana indictment.[3]

As to the Louisiana prosecution of Marden's attempt to import (Louisiana Count 2) some of the same drugs that he was convicted in Florida of conspiring to import, it is dispositive that attempt and conspiracy

2. For purposes of this analysis, it is assumed in Marden's favor that the Louisiana M/V MAC VIE substantive offenses are parts of the end to which the Florida conspiracy was directed. This assumption is buttressed by the unopposed dismissal of the conspiracy counts contained in the Louisiana indictments.

3. Clearly the Florida substantive counts involved a different batch of marihuana, imported and possessed at a different time and place, from that involved in the Louisiana substantive counts. There is no merit whatever to the contention that acquittal of the Florida substantive counts bars prosecution of the Louisiana substantive counts under either a double jeopardy or a collateral estoppel theory.

each include an element that the other does not, and therefore conviction of both does not constitute double jeopardy. *Anderson*, 651 F.2d at 375; *see also United States v. Collins*, 779 F.2d 1520, 1527 (11th Cir. 1986). An attempt count under 21 U.S.C. § 963 requires proof of an overt act or acts that "evidence commitment to the criminal venture." *Anderson*, 651 F.2d at 379 (quoting *United States v. Oviedo*, 525 F.2d 881, 885 (5th Cir.1976)). No such proof is required to convict on a charge of conspiracy to import a controlled substance. *Id.; United States v. Thomas*, 567 F.2d 638, 641 (5th Cir.), *reh'g denied*, 569 F.2d 1155, *cert. denied*, 439 U.S. 822, 99 S.Ct. 90, 58 L.Ed.2d 114 (1978); *Marable*, 578 F.2d at 153–54.[4] Conversely, what distinguishes conspiracy from a substantive offense is the required proof of an agreement to commit the offense; and an attempt to commit a substantive offense need not involve an agreement with anyone.

■ Nor is the result changed by virtue of the fact that conviction of the substantive offense may be predicated on aider and abettor status under 18 U.S.C. § 2, for it has been established that the double jeopardy clause is not violated by conviction for conspiracy to commit a substantive offense and also for aiding and abetting the commission of the same substantive offense. *Pereira*, 74 S.Ct. at 364; *Nye & Nissen v. United States*, 336 U.S. 613, 69 S.Ct. 766, 769–70, 93 L.Ed. 919 (1949); *Cowart*, 595 F.2d at 1030–31, 1033. We see no reason to depart from this conclusion merely because the substantive offense is an attempt, for, as previously noted, attempt and conspiracy are distinct offenses.

Marden argues that we should treat his appeal as we do double jeopardy challenges to separate convictions for multiple conspir-

acies, in which we inquire into the record more deeply and analyze the offenses under the "same evidence" test, because "by the nature of the crime, the precise bounds of a single conspiracy seldom will be clear from the indictment alone." *Marable*, 578 F.2d at 153. Under this test, we have found double jeopardy where defendants were tried separately for multiple conspiracies although the evidence showed a single conspiracy. *See, e.g., id.; United States v. Nichols*, 741 F.2d 767 (5th Cir.), *reh'g denied*, 746 F.2d 812 (1984). Marden bases this argument on the contention that in order to convict him of the attempt charge, the government as a practical matter will be forced to invoke the coconspirator rule of *Pinkerton*, 66 S.Ct. at 1183–84 (coconspirators are guilty of offenses committed by one another in furtherance of the conspiracy). The agreement proving the conspiracy must therefore be proved in order to prove the charge of attempted importation against Marden. We reject this argument by noting simply that *Pinkerton* itself ruled that double jeopardy is not breached when a conspirator is convicted of a substantive offense by way of the coconspirator rule, and is also convicted of conspiracy to commit the same substantive offense. *Id.* at 1181–82.

### Conclusion

Marden's arguments that prosecution of the remaining counts against him in the Louisiana district court would violate the double jeopardy prohibition are without merit. The court's denial of Marden's motion to dismiss these counts is

AFFIRMED.

---

**4.** Moreover, even where the conspiracy is one requiring proof of an overt act, the act required to be proved need not have such a relationship to the substantive offense that is the object of the conspiracy as would suffice to sustain a conviction for attempt to commit the substantive offense. *Compare Yates v. United States*, 354 U.S. 298, 77 S.Ct. 1064, 1084–85, 1 L.Ed.2d 1356 (1957) (The purpose of the overt act requirement in conspiracy prosecutions is simply to manifest that the conspiracy no longer rests

"solely in the minds of the conspirators."), *with United States v. Mandujano*, 499 U.S. 370, 376–77 (5th Cir.1974), *cert. denied*, 419 U.S. 1114, 95 S.Ct. 792, 42 L.Ed.2d 812 (1975) (For there to be an attempt there must be an act constituting a "substantial step" toward commission of the crime, and the act must amount to "more than remote preparation" and be "strongly corroborative of the firmness of the defendant's criminal intent.").