UNITED STATES, Appellee,

v.

John A. STOTTLEMIRE, Private U.S.
Army, Appellant.

No. 60,738.

CM 8702405.

U.S. Court of Military Appeals.

Sept. 8, 1989.

For Appellant: *Captain Paula C. Juba*
(argued); *Colonel John T. Edwards, Lieu-
tenant Colonel Russell S. Estey, Captain
Brian D. Bailey* (on brief); *Captain
Alfred H. Novotne.*

For Appellee: *Major Kathryn F. Forres-
ter* (argued); *Colonel Norman G. Cooper*
and *Lieutenant Colonel Gary F. Roberson*
(on brief).

*Opinion of the Court*

SULLIVAN, Judge:

In September and October 1987, appel-
lant was tried by general court-martial
composed of officer members at Frankfurt,
Federal Republic of Germany. Contrary to
his pleas, he was found guilty of attempted
larceny, two specifications of conspiracy to
commit larceny, and larceny, in violation of
Articles 80, 81, and 121, Uniform Code of
Military Justice, 10 USC §§ 880, 881, and
921, respectively. He was sentenced to a
bad-conduct discharge, confinement for 4
years, total forfeitures, and reduction to
the lowest enlisted grade. The convening
authority approved the sentence as ad-
judged. The Court of Military Review af-
firmed the findings and sentence in an un-
published memorandum opinion on June 23,
1988.

This Court specified review of the follow-
ing issue:

WHETHER ADDITIONAL CHARGES
II AND III ARE MULTIPLICIOUS FOR
FINDINGS.

We hold that these conspiracy and attempt
offenses were not multiplicious for find-
ings. *See United States v. Marden,* 872
F.2d 123, 126 n.4 (5th Cir.1989); *see gener-
ally United States v. Baker,* 14 MJ 361
(CMA 1983).

The questioned specifications [1] are set
forth below:

ADDITIONAL CHARGE II: Violation of
the UCMJ, Article 81.

SPECIFICATION: In that Private E–2
John A. Stottlemire, U.S. Army, 5th
Corps Finance Group, did, at or around
Frankfurt, Germany, a place located out-
side the territorial limits of the United
States, *on or about 23 April 1987, con-
spire with William A. Anselmo to com-
mit an offense under the Uniform Code
of Military Justice, to wit: larceny of
U.S. government property, to wit: cur-*

---

1. Appellant was also found guilty of conspiracy
to steal and larceny of Deutsche Marks 212,954.-

87, military property of the United States, in
July 1986. (Charges I and II).

rency, of a value of about Deutsche Marks 229,581.05, the property of the U.S. Government, and in order to effect the object of that conspiracy, the said Private E–2 John A. Stottlemire, provided and helped William A. Anselmo fill out a change of address card to route check number 361746 to William A. Anselmo's address, that William A. Anselmo did fill out and file said change of address card with the Bundespost to route check number 361746 for Deutsche Marks 229,581.05 to his address and that William A. Anselmo opened up a bank account at Sparkasse 1822 at Frankfurt (Bockenheim), FRG, in order to deposit the said check.

ADDITIONAL CHARGE III: Violation of the UCMJ, Article 80.

SPECIFICATION: In that Private E–2 John A. Stottlemire, U.S. Army, 5th Corps Finance Group, did, at or around Frankfurt, Germany, a place located outside the territorial limits of the United States, *on or about 23 April 1987, attempt to steal United States government property consisting of currency of a value of about Deutsche Marks 229,581.05* by preparing and submitting a fraudulent invoice dated 23 April 1987, for the GFS Scharr Corporation in the amount of Deutsche Marks 229,581.05, and by preparing and submitting a fraudulent change of address for the GFS Scharr Corporation changing the proper address to the address of Friessengasse 26, 6000 Frankfurt am Main, where it would be forwarded to the co-conspirator, William A. Anselmo, in an attempt to have check number 361746 for Deutsche Marks 229,-581.05 wrongfully sent to the improper address so that Private E–2 John A. Stottlemire and William A. Anselmo could receive and cash the said check and deposit it into a bank account.

(Emphasis added.) Defense counsel conceded that these offenses were not multiplicious for findings, but he did claim they were multiplicious for sentencing. At trial, the military judge found that these two additional charges were multiplicious for sentencing purposes.

. . . . . . .

The specified issue asks whether appellant can be found guilty of conspiracy to commit larceny of government funds and attempted larceny of these same funds as found by the members in the present case. *See United States v. Flynn*, 28 MJ 218 (CMA 1989). One transaction is involved here (*see United States v. Baker, supra* at 367), yet two different statutes are alleged to have been violated, *i.e.*, Articles 80 and 81. Whether both these findings of guilty may stand as a result of a single court-martial is a question of congressional authorization. *United States v. Guerrero*, 28 MJ 223, 226 (CMA 1989); *United States v. Baker, supra. See generally United States v. Halper*, —— U.S. ——, 109 S.Ct. 1892, 1903 n.10, 104 L.Ed.2d 487 (1989); *Ball v. United States*, 470 U.S. 856, 105 S.Ct. 1668, 84 L.Ed.2d 740 (1985).

Congress can express its will or intent concerning its actual authorization of multiple convictions and punishments in many ways. First, it may be expressed in the words of the statutes themselves. *See United States v. Guerrero, supra* at 226. *See generally Missouri v. Hunter*, 459 U.S. 359, 368, 103 S.Ct. 673, 679, 74 L.Ed.2d 535 (1983). Article 80 states, *inter alia:*

(a) An act, done with specific intent to commit an offense under this chapter, amounting to more than mere preparation and tending, even though failing, to effect its commission, is an attempt to commit that offense.

Article 81 states:

Any person subject to this chapter who conspires with any other person to commit an offense under this chapter shall, if one or more of the conspirators does an act to effect the object of the conspiracy, be punished as a court-martial may direct.

Both these statutes punish acts which fall short of substantive crimes prescribed by the Uniform Code of Military Justice. As a result, they both could be applied to a

single course of criminal conduct. *See United States v. Touw,* 769 F.2d 571 (9th Cir.1985). Whether Congress intended an accused to be found guilty under both statutes for different preliminary acts leading to the same substantive crime, however, is not expressly stated. *Cf. United States v. Taylor,* 716 F.2d 701, 712 n.6 (9th Cir.1983).

Turning to the legislative history of these statutes, we again are frustrated in our search for Congress' will. For Article 80, it is said:

> References.—A.W. 96; proposed A.G.N., article 9(62); N.C. & B., section 42, 43.

> Commentary.—An attempt to commit an offense is now punished under the general articles in cases where it is not specifically set forth.

> Subdivision (c) is applicable only to a trial where the charge alleges an attempt to commit an offense, and not to a trial upon a charge for the offense itself.

For Article 81, it is said:

> References.—Proposed A.G.N., article 9(62); title 18, U.S.C. section 371 (1948); N.C. & B., section 112.

> Commentary.—This article is derived from title 18, U.S.C. section 371.

Hearings on H.R. 2498 Before a Subcomm. of the House Comm. on Armed Services, 81st Cong., 1st Sess. 1224 (1949). No simple solution to our inquiry is provided.

In this situation, resort to the so-called "*Blockburger* Rule" as a guide to legislative intent is appropriate. *See United States v. Woodward,* 469 U.S. 105, 105 S.Ct. 611, 83 L.Ed.2d 518 (1985). *Cf. Garrett v. United States,* 471 U.S. 773, 778–79, 105 S.Ct. 2407, 2411–12, 85 L.Ed.2d 764 (1985); *Ohio v. Johnson,* 467 U.S. 493, 499 n.8, 104 S.Ct. 2536, 2541 n.8, 81 L.Ed.2d 425 (1984). "The applicable rule is that, where the same act or transaction constitutes a violation of two distinct statutory provisions, the test to be applied to determine whether there are two offenses or only one is whether each provision requires proof of an additional fact which the other does not."[2]

The statutory elements of attempt under Article 80 are explained in the Manual for Courts-Martial, United States, 1984, which states:

> b. Elements.

> (1) That *the accused did a certain overt act;*

> (2) That the act was done with the specific intent to commit a certain offense under the code;

> (3) *That the act amounted to more than mere preparation; and*

> (4) *That the act apparently tended to effect the commission of the intended offense.*

Para. 4, Part IV (emphasis added). The Manual states for conspiracy:

> b. Elements.

> (1) That the accused entered into an agreement with one or more persons to commit an offense under the code; and

> (2) That, while the agreement continued to exist, and while the accused remained a party to the agreement, *the accused* or at least one of the co-conspirators *performed an overt act for the purpose of bringing about the object of the conspiracy.*

Para. 5, Part IV, Manual, *supra* (emphasis added).

The conspiracy offense requires proof of the fact of an agreement with another to commit an offense under the code, here larceny. The attempt offense requires no such proof. Moreover, the attempt offense requires proof of an overt "act amount[ing] to more than mere preparation," which "tend[s] to effect the commission of the intended" larceny. *See* para. 4b(3) and (4), Part IV, Manual, *supra.* The conspiracy charge, while it requires an overt act, does not require such "a substantial step" toward the commission of the intended offense. Para. 5c(4)(b), Manual, *supra; United States v. Marden,* 872 F.2d at 126

---

**2.** *Blockburger v. United States,* 284 U.S. 299, 304, 52 S.Ct. 180, 182, 76 L.Ed.2d 306 (1932). *Cf. Whalen v. United States,* 445 U.S. 684, 710–13, 100 S.Ct. 1432, 1447–1449, 63 L.Ed.2d 715 (1980) (Rehnquist, J., dissenting).

n.4. *See United States v. Collier,* 14 MJ 377 (CMA 1983). *Cf. United States v. Byrd,* 24 MJ 286, 290 (CMA 1987). Accordingly, these offenses are separate under the *"Blockburger* Rule." *See also United States v. Savaiano,* 843 F.2d 1280 (10th Cir.), *cert. denied,* —— U.S. ——, 109 S.Ct. 99, 102 L.Ed.2d 74 (1988).

Of course, it could be argued that in certain cases the overt act pleaded and proven for the attempt could also suffice as the overt act required for the conspiracy. *See United States v. McQuisten,* 795 F.2d 858, 870 (9th Cir.1986) (Reinhardt, J., dissenting). However, this was not done in the present case because the overt acts alleged and proven in each charge were clearly different.[3] Accordingly, we have no cause to apply the "fairly embraced" aspect of the decision of this Court in *United States v. Baker, supra.*

The decision of the United States Army Court of Military Review is affirmed.

Chief Judge EVERETT and Judge COX concur.

**3.** One of the overt acts for the conspiracy specification was that appellant "helped William A. Anselmo to fill out a change of address card to route check number 361746." One of the overt acts for the attempt specification was that appellant "prepar[ed] and submitt[ed] a fraudulent change of address for GFS Scharr Corporation changing the proper address to the address of Friessengasse 26, 6000 Frankfurt am Main." These change of address cards are separate forms.