898 F.2d 1005
 UNITED STATES of America, Plaintiff-Appellee,
v.
Andrew Forga COLDWELL, Defendant-Appellant.
UNITED STATES of America, Plaintiff-Appellee,
v.
James Douglas WILSON, Defendant-Appellant.
UNITED STATES of America, Plaintiff-Appellant,
v.
Andrew Forga COLDWELL, Defendant-Appellee.
UNITED STATES of America, Plaintiff-Appellant,
v.
James Douglas WILSON, Defendant-Appellee.
 Nos. 89-4826, 89-4836, 89-4844, 89-4884 and 89-4889.
 United States Court of Appeals,
Fifth Circuit.
 April 6, 1990.
 
 William J. Flanagan, Asst. U.S. Atty., Joseph S. Cage, Jr., U.S. Atty., Judith A. Lombardino, Asst. U.S. Atty., Shreveport, La., for U.S.
 David A. Clarke, Lafayette, La. (court-appointed), for Andrew Coldwell.
 James Kirk Piccione, Lafayette, La. (court-appointed), for James Wilson.
 Appeals from the United States District Court for the Western District of Louisiana.
 Before WISDOM, POLITZ, and JOHNSON, Circuit Judges.
 POLITZ, Circuit Judge:
 
 
 1
 James Douglas Wilson and Andrew Forga Coldwell urge double jeopardy in seeking the dismissal of various counts of an indictment presently pending in the Western District of Louisiana. Adopting the report and recommendations of the magistrate the district court dismissed some counts and declined to dismiss others. Dissatisfaction abounded. Wilson and Coldwell appealed and the government cross-appealed. We consolidated these several appeals for purposes of review and now, as relates to Wilson, affirm in part, reverse in part, and remand for trial. As to Coldwell, based on a post-argument joint motion, we dismiss Coldwell's appeal and the government's cross-appeal.
 
 Background
 
 2
 The indictments at bar arise out of a scheme to import marihuana into the United States by boat from Colombia. Wilson and Coldwell, along with many others, are charged as participants. At least two operations were envisioned. The first, code-named "Bulldog," involved 280,000 pounds of marihuana that was successfully shipped from Colombia to Louisiana, where it was off-loaded and distributed. The second operation, code-named "Masterblaster," involved a plan to import 500,000 pounds[1] of marihuana into the United States by way of the Mississippi River. The Masterblaster shipment was aborted in Colombia.
 
 
 3
 Wilson, Coldwell, and others initially were charged and prosecuted in Tampa, Florida for drug offenses based on Bulldog and Masterblaster. Wilson was charged in five counts of an 18-count indictment. He was convicted on Counts 6-8 and acquitted on Count 9. Count 14 was dismissed by the court for insufficient evidence. Coldwell, named in a separate two-count indictment, pled guilty to both counts.
 
 
 4
 Following the Tampa prosecutions, a federal grand jury in Lafayette, Louisiana handed up a 24-count indictment charging offenses also based on Bulldog and Masterblaster and naming Wilson, Coldwell, and others. Wilson was named in Counts 3-6, 9-14, 21, and 22 of the Lafayette indictment; Coldwell was named in Counts 1-14, 21, and 22.
 
 
 5
 Both Wilson and Coldwell invoked the double jeopardy clause of the fifth amendment, contending that the Tampa prosecution bars the prosecution of various counts in the Lafayette indictment. Wilson's motion was referred to a magistrate for an evidentiary hearing. Over objections by both Wilson and the government the trial court adopted the report of the magistrate and (1) dismissed Lafayette Counts 3-6, 9-13, 21, and a portion of 14; (2) reserved ruling on the remainder of Count 14; and (3) declined to dismiss Count 22.
 
 
 6
 Coldwell's motion involved no disputed facts and no evidentiary hearing was required. As to Coldwell the district court dismissed Counts 4-6, 9, 11-13, and 21, but declined to dismiss 1-3, 7-8, 10, 14, and 22.
 
 
 7
 All rulings are now before the court for review.
 
 Analysis
 
 8
 The defendants and the government agree that the same activity, the Bulldog and Masterblaster exercises, undergird both the Tampa and Lafayette indictments. The issue presented, therefore, is a legal one of the applicability of the double jeopardy clause to certain of the counts in the Lafayette indictment. The double jeopardy clause of the fifth amendment protects a criminal defendant "against a second prosecution for the same offense after acquittal ... [or] after conviction ... and ... against multiple punishments for the same offense." North Carolina v. Pearce, 395 U.S. 711, 717, 89 S.Ct. 2072, 23 L.Ed.2d 656 (1969). See United States v. Kalish, 734 F.2d 194 (5th Cir.1984), cert. denied, 469 U.S. 1207, 105 S.Ct. 1169, 84 L.Ed.2d 321 (1985).
 
 
 9
 Whether a prosecution is barred by double jeopardy is determined by reference to the test enunciated by the Supreme Court in Blockburger v. United States, 284 U.S. 299, 304, 52 S.Ct. 180, 76 L.Ed. 306 (1932):
 
 
 10
 [W]here the same act or transaction constitutes a violation of two distinct statutory provisions, the test to be applied to determine whether there are two offenses or only one, is whether each provision requires proof of an additional fact which the other does not....
 
 
 11
 Emphasizing the elements of the crimes at issue the Blockburger test is satisfied even if there is a substantial overlap in the proof offered, provided each offense contains an element the other does not. Ianelli v. United States, 420 U.S. 770, 785 n. 17, 95 S.Ct. 1284, 43 L.Ed.2d 616 (1975); Illinois v. Vitale, 447 U.S. 410, 100 S.Ct. 2260, 65 L.Ed.2d 228 (1980). See United States v. Marden, 872 F.2d 123 (5th Cir.1989). With Blockburger as our starting point we turn to the several claims made on appeal.
 
 A. Wilson Indictments
 
 12
 To put this matter in perspective we must briefly outline the relevant charges against Wilson in the two indictments. The relevant Tampa counts against Wilson include conspiracy to import a controlled substance into the United States, 21 U.S.C. Sec. 963 (Tampa Count 6); importation of a controlled substance into the United States or aiding and abetting such importation, 21 U.S.C. Sec. 952 and 18 U.S.C. Sec. 2 (Tampa Count 7); conspiracy to possess a controlled substance with intent to distribute, 21 U.S.C. Sec. 846 (Tampa Count 8); possession of a controlled substance with intent to distribute or aiding and abetting such possession, 21 U.S.C. Sec. 841(a)(1) and 18 U.S.C. Sec. 2 (Tampa Count 9); and conspiracy to import a controlled substance into the United States, 21 U.S.C. Secs. 963 and 952 (Tampa Count 14). Counts 6-9 involved the Bulldog load; Count 14 involved Masterblaster.
 
 
 13
 The relevant counts in the Lafayette indictment against Wilson include conspiracy to possess a controlled substance with intent to import it into the United States, 21 U.S.C. Secs. 955a(d) and 955c (Lafayette Count 3); possession with intent to import a controlled substance, 21 U.S.C. Sec. 955a(d) (Lafayette Count 10); conspiracy to violate the Travel Act by traveling in and using facilities of interstate commerce to facilitate an unlawful activity and to distribute its proceeds, 18 U.S.C. Sec. 1952 (Lafayette Count 14); violation of the Travel Act by traveling in and causing others to travel in interstate and foreign commerce to facilitate an unlawful activity, 18 U.S.C. Sec. 1952 (Lafayette Count 21); and violation of the Travel Act by traveling in and causing others to travel in interstate and foreign commerce with the intent to distribute the proceeds of an unlawful activity, 18 U.S.C. Sec. 1952 (Lafayette Count 22).
 
 1. Lafayette Count 14
 
 14
 The district court dismissed the portion of Lafayette Count 14 (conspiracy to violate the Travel Act) charging the facilitation of an unlawful activity, 18 U.S.C. Sec. 1952(a)(3), but reserved decision on the portion relating to the distribution of proceeds, 18 U.S.C. Sec. 1952(a)(1). Wilson contends that the latter should have been dismissed. The district court's express reservation of judgment, however, deprives this court of jurisdiction to review Wilson's contention. Although a pretrial denial of a motion to dismiss an indictment on double jeopardy grounds falls within the collateral order exception to the final judgment rule, the ruling must be, as a requisite to appellate jurisdiction, a "complete, formal and ... final rejection of a criminal defendant's double jeopardy claim." Abney v. United States, 431 U.S. 651, 659, 97 S.Ct. 2034, 52 L.Ed.2d 651 (1977).
 
 2. Lafayette Count 22
 
 15
 Wilson next contends that Tampa Counts 7 and 9 bar his subsequent prosecution under Lafayette Count 22. Tampa Count 7, which charged Wilson with importation of a controlled substance, or aiding and abetting such importation, in violation of 21 U.S.C. Sec. 952 and 18 U.S.C. Sec. 2, requires proof that a controlled substance was, in fact, imported. Tampa Count 9, which charged Wilson with possession of a controlled substance with intent to distribute, or aiding and abetting such in violation of 21 U.S.C. Sec. 841(a)(1) and 18 U.S.C. Sec. 2, requires proof that a controlled substance was possessed, with intent to distribute. Lafayette Count 22, as viewed by the district court, charged Wilson with a violation of the Travel Act for facilitating an unlawful activity by traveling in interstate commerce with the intent to distribute the proceeds thereof in violation of 18 U.S.C. Sec. 1952(a)(1).
 
 
 16
 Utilizing the Supreme Court's Blockburger analysis as applied to lesser included and greater offenses in Brown v. Ohio, 432 U.S. 161, 97 S.Ct. 2221, 53 L.Ed.2d 187 (1977), Wilson argues that the crime of aiding and abetting as set out in Tampa Counts 7 and 9 is a lesser included offense within the Travel Act.[2] Guided by the Blockburger analysis, we disagree. Tampa Counts 7 and 9 each require proof of commission of the substantive crime which was aided and abetted. See United States v. Alvarez, 610 F.2d 1250 (5th Cir.1980), reh'g, 625 F.2d 1196, cert. denied, 451 U.S. 938, 101 S.Ct. 2017, 68 L.Ed.2d 324 (1981). We agree with the district court that Lafayette Count 22 requires proof of interstate travel with intent to facilitate an unlawful activity by distribution of its proceeds. Under Blockburger, therefore, Lafayette Count 22 is not barred by double jeopardy; each offense has an element not contained in the other. There is no greater offense which incorporates all of the elements of a lesser offense. Brown.
 
 
 17
 In the alternative, Wilson argues that the government is barred from prosecuting him on Lafayette Count 22 on the related ground of collateral estoppel due to his acquittal on Tampa Count 9. In Wilson's Tampa trial, the government presented witnesses who testified to the effect that he had laundered money for the Bulldog operation. By acquitting him of aiding and abetting and possession with intent to distribute in Tampa Count 9, Wilson contends, the jury must have found that he did not engage in money laundering, i.e., distribution of proceeds; accordingly, Wilson asserts, the government is estopped from relitigating this issue in Lafayette Count 22.
 
 
 18
 Collateral estoppel is one aspect of the safeguards afforded by the double jeopardy clause. Ashe v. Swenson, 397 U.S. 436, 90 S.Ct. 1189, 25 L.Ed.2d 469 (1970). In order to invoke the doctrine, a defendant must demonstrate that an issue was necessarily decided in his favor in the first trial, and that the government is attempting to relitigate the issue in the second proceeding. United States v. Levy, 803 F.2d 1390, 1398-99 (5th Cir.1986).
 
 
 19
 Wilson's argument founders on Levy 's first prong. The cases cited by Wilson for the proposition that the distribution of proceeds will suffice to convict a defendant of aiding and abetting the distribution of controlled substances in fact involved defendants charged with conspiracy to aid and abet distribution or conspiracy to distribute. See United States v. Tarantino, 846 F.2d 1384 (D.C.Cir.), cert. denied, --- U.S. ----, 109 S.Ct. 174, 102 L.Ed.2d 143 (1988); United States v. Dela Espriella, 781 F.2d 1432 (9th Cir.1986); United States v. Orozco-Prada, 732 F.2d 1076 (2d Cir.), cert. denied, 469 U.S. 845, 105 S.Ct. 154, 155, 83 L.Ed.2d 92 (1984); United States v. Bollinger, 796 F.2d 1394 (11th Cir.1986), cert. denied, 486 U.S. 1009, 108 S.Ct. 1737, 100 L.Ed.2d 200 (1988); United States v. Metz, 608 F.2d 147 (5th Cir.1979), cert. denied, 449 U.S. 821, 101 S.Ct. 80, 66 L.Ed.2d 24 (1980). Had Tampa Count 9 concerned factual issues totally unrelated to any other count in the Tampa indictment, such might be a good indication that the jury necessarily determined those issues in Wilson's favor. But such is not the case at bar. We cannot know exactly why the jury acquitted Wilson on Tampa Count 9. We are mindful, however, that the same jury convicted Wilson of conspiracy to possess with intent to distribute. We hold that the trial of Wilson on Lafayette Count 22 is not barred by the collateral estoppel doctrine.
 
 3. Government cross-appeal on Wilson
 
 20
 The district court dismissed Lafayette Counts 3 and 10 against Wilson, finding that they charged lesser included offenses, respectively, of Tampa Counts 6 and 7. The government urges that this dismissal was in error. We cannot agree. Tampa Count 6 charged Wilson with conspiracy to import a controlled substance; Lafayette Count 3 charged conspiracy to possess a controlled substance with intent to import. Similarly, Tampa Count 7 charged Wilson with importation of a controlled substance; Lafayette Count 10 charged possession of a controlled substance with intent to import. When Wilson was convicted in Tampa of conspiracy to import and importation, the related crimes of possession and conspiracy to possess with intent to import merged into those counts as lesser included offenses. See United States v. Phillips, 664 F.2d 971, 1039 (5th Cir.1981), cert. denied, 457 U.S. 1136, 102 S.Ct. 2965, 73 L.Ed.2d 1354 (1982); United States v. Valot, 481 F.2d 22, 27 (2d Cir.1973). Having previously been charged with and convicted of the greater offense, Wilson may not now be tried for the lesser. Brown v. Ohio, 432 U.S. at 168-69, 97 S.Ct. at 2226-27. The district court's decision to dismiss these counts was correct.
 
 
 21
 The government also contends that the district court erred in dismissing that portion of Lafayette Count 14 which charged Wilson with conspiring to violate the Travel Act, and Lafayette Count 21, which charged the substantive Travel Act violation of traveling in and causing others to travel in interstate commerce to facilitate an unlawful activity in violation of 18 U.S.C. Sec. 1952(a)(3). The court a quo reasoned that because Wilson had been charged in Tampa Counts 7 and 9 with aiding and abetting the substantive offenses that were the predicate for Lafayette Counts 14 and 21, he had been charged with a lesser included offense under the rationale of Brown v. Ohio. We are not persuaded.
 
 
 22
 Neither Lafayette Count 14 nor Lafayette Count 21 is barred by Wilson's prior prosecution on Tampa Counts 7 and 9. Neither conspiracy to violate the Travel Act nor a substantive Travel Act violation under 18 U.S.C. Sec. 1952(a)(3) requires the actual commission of the predicate offenses charged in Tampa Counts 7 and 9 (respectively, importation of and possession with intent to distribute a controlled substance). Conversely, neither of those Tampa counts requires proof of travel in or use of the facilities of interstate commerce. See United States v. Stafford, 831 F.2d 1479 (9th Cir.1987); United States v. Teplin, 775 F.2d 1261, 1265 (4th Cir.1985); United States v. Finazzo, 704 F.2d 300, 307-08 (6th Cir.), cert. denied, 463 U.S. 1210, 103 S.Ct. 3543, 77 L.Ed.2d 1392 (1983). Accordingly, we must reverse the district court's dismissal of those charges.
 
 B. Coldwell appeal
 
 23
 Subsequent to the submission of this case after oral argument, and just prior to the filing of this court's decision, the United States Attorney and Coldwell jointly moved the court to dismiss their respective appeals. They jointly informed the court that this dismissal was part of or consistent with a plea agreement they had reached. Perceiving no reason why this joint motion should not be granted we dismiss the appeal of Coldwell and the government's cross-appeal thereto.
 
 Conclusion
 
 24
 As to Wilson we affirm the district court's dismissal of Counts 3 and 10, and its denial of the dismissal of Count 22, and reverse its dismissal of Count 21.
 
 
 25
 As to Coldwell, we grant the joint motion of the government and Coldwell to dismiss Coldwell's appeal and the government's cross-appeal.
 
 
 26
 AFFIRMED IN PART, REVERSED IN PART, and REMANDED for further proceedings consistent herewith as to Wilson.
 
 
 27
 Appeal and cross-appeal DISMISSED as to Coldwell.
 
 
 
 [1]
 There is some ambiguity as to the size of the Masterblaster load. Several counts refer to 1,280,000 pounds of marihuana, apparently on the assumption that Masterblaster involved a shipment of 1,000,000 pounds. At his double jeopardy hearing Wilson testified that Masterblaster involved a 500,000 pound shipment with plans for additional shipments if it was successful. This uncertainty is not relevant to the disposition of this appeal
 
 
 [2]
 Under Brown, if all of the elements of one crime are contained within another, one is a lesser included offense of the other. Once a defendant has been put in jeopardy for one he may not subsequently be charged with the other