# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

August 18, 2011

No. 11-60076
Summary Calendar

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

JUNIOUS C. MORGAN, also known as J.C. Morgan,

Defendant-Appellant

Appeal from the United States District Court
for the Southern District of Mississippi
USDC No. 3:85-CR-46-1

Before KING, JOLLY, and GRAVES, Circuit Judges.

PER CURIAM:[*]

Junious C. Morgan, federal prisoner # 01109-043, seeks a certificate of appealability (COA) to appeal the district court's denial of his motion for correction of illegal sentence pursuant to former FED. R. CRIM. P. 35(a) as a successive 28 U.S.C. § 2255 motion. We agree with Morgan that the district court erred in construing Morgan's Rule 35(a) motion as a successive § 2255 motion. A Rule 35(a) motion is considered to be part of the original criminal proceeding, rather than a collateral attack on the sentence. *See United States*

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

*v. Scott*, 672 F.2d 454, 456 n.3 (5th Cir. 1982); *United States v. Shillingford*, 586 F.2d 372, 375 (5th Cir. 1978).

Morgan is also correct that, because his offenses were committed prior to November 1, 1987, the version of Rule 35 in effect at that time applies to him. *See United States v. Pineda*, 988 F.2d 22, 23 n.2 (5th Cir. 1993). Under that version of the rule, a district court "may correct an illegal sentence at any time and may correct a sentence imposed in an illegal manner within the time provided herein for the reduction of sentence." FED. R. CRIM. P. 35(a) (1982).

No COA is required to appeal the denial of a Rule 35(a) motion; by the plain language of 28 U.S.C. § 2253, a COA is required only for 28 U.S.C. § 2254 actions and § 2255 motions. *See Ojo v. INS*, 106 F.3d 680, 681 (5th Cir. 1997). Accordingly, Morgan's request for a COA is denied as unnecessary.

During jury deliberations at his trial, Morgan absconded from the jurisdiction of the district court, and he fled to his native Jamaica. The jury found him guilty on all of the 16 counts in the indictment. Morgan was subsequently extradited from Jamaica, but the extradition was only for Count 3. In 1990, the district court sentenced Morgan to 15 years of imprisonment on Count 3.

Morgan was subsequently released on parole and deported to Jamaica. In 2004, he was arrested in Miami, Florida, and removed to the Southern District of Mississippi. In 2005, the district court sentenced him to a total of 15 years of imprisonment on the remaining counts of the indictment.

Morgan argues that the imposition of the 15-year sentence in 2005 violated the Double Jeopardy Clause because he had already served a 15-year sentence for the same conduct. He maintains that all of his sentences would have run concurrently if they had all been imposed in 1990, making the imposition of the new sentence in 2005 an impermissible increase in his punishment.

In 1990, Morgan was sentenced only on Count 3. In 2005, he was sentenced on the remaining counts of conviction, but he was not sentenced again

on Count 3.  While Morgan was sentenced at different times for different counts arising out of the same course of conduct, the Double Jeopardy Clause does not prohibit successive prosecutions for different offenses arising out of the same course of conduct.  *See United States v. Dixon*, 509 U.S. 688, 703-11 (1993).  Contrary to Morgan's assertion, the district court had discretion to impose consecutive sentences for different counts of conviction.  *See United States v. Anderson*, 651 F.2d 375, 378-79 (5th Cir. Unit A July 1981).

While Morgan's procedural argument is correct, his substantive challenge to his sentence is without arguable merit and thus frivolous.  *See Howard v. King*, 707 F.2d 215, 220 (5th Cir. 1983).  Accordingly, his appeal is dismissed as frivolous.  *See* 5TH CIR. R. 42.2.

COA DENIED AS UNNECESSARY; APPEAL DISMISSED.